WIDOW AND HEIRS OF HENRY *vs.* WELSH.

APPEAL FROM THE COURT OF THE SIXTH DISTRICT, THE JUDGE OF THE DISTRICT PRESIDING.

The act of adjudication, or decision of the register and receiver, acting as land commissioners, in favor of a claimant of a pre-emption right to a tract of land, passes to such claimant all the right and title of the United States to the land claimed.

In a contest between two claimants under different laws for a pre-emption right, the decision of the register and receiver, acting as land commissioners, is final between the parties, and the Supreme Court has no right to revise or annul it.

This is a petitory action, to recover a tract of one hundred and twenty-four and a half acres of land in the possession, and claimed by the defendant. The plaintiffs set up title to the premises in virtue of a settlement right under the law of April 12, 1814, as evidenced by the register's certificate, dated October 13, 1830.

The defendant avers, that neither the plaintiffs nor their ancestor, ever cultivated, occupied, or improved the land, either before or since the act of 1814; but that he (the defendant) was in the actual occupation and cultivation, when the act of 1830 passed, giving preference rights to actual settlers; and that he gave notice, was proving up his claim under this law, intending to make payment according to its terms, when the plaintiffs, with a view to defraud him, entered the same land with the register, under pretence of having acquired a settlement right under the law of 1814, and procured the certificate. He prays that the title thus fraudulently acquired, may accrue to his benefit, on his paying to the plaintiffs the government price of the land. He alleges that he has made valuable improvements on this land, worth one thousand dollars, which he prays the plaintiffs may be adjudged to allow and pay him; and he further states, that if the plaintiffs ever

WESTERN DIS.
October, 1832.

WIDOW AND
HEIRS OF
HENRY
vs.
WELCH.

had any right of pre-emption under the act of 1814, it has been forfeited by their neglect to conform to the requisitions of the act, because several public sales in the same district, have intervened between the date of the law and the notice of their claim at the land office in Opelousas.

The register testified, that Welsh filed his notice to enter the land in contest, the 12th of July, 1830; that a commission issued from his office in February, 1830, to take testimony to prove up plaintiffs' claim under the act of 1814; the testimony was taken and filed the 30th April, 1830, and the claim adjudicated to them the 9th July, 1830.

On the trial, the evidence did not support the plaintiffs' claims to a settlement right under either of the laws of Congress, but showed the defendant had settled, cultivated, and improved the land, before and at the time of the passage of the act of 1830. The defendant had judgement, quieting him in the possession of the land. The plaintiffs appealed.

*Thomas*, for plaintiffs, contended:

That the register and receiver were the proper tribunal to adjudicate on inchoate titles; and in this case, their decision between the parties is final, unless it be referred to the commissioner of the general land office.

*Dunbar* and *Rigg*, for defendant, argued:

1. That the plaintiffs had lost their settlement right under the act of congress of 1814, as there had been public sales of land in the district wherein the premises in contest were situated, and since their right accrued. See *Ingersoll's Digest*, p. 477.

2. By the pre-emption law of 1830, the defendant had a right to enter the land, being a settler or occupant under the provisions of that law. That the certificate of title from the land commissioners ought to inure to the benefit of the defendant. 9 *Cranch* 165. 5 *Mar. N. S.* 246.

3. The adjudication of the register and receiver, if made contrary to law, could not take away or divest the rights acquired by the defendant.

WESTERN DIS.
October, 1832.

WIDOW AND
HEIRS OF
HENRY
vs.
WELCH.

MARTIN, J., delivered the opinion of the court.

The plaintiffs sue for a tract of land in the possession of the defendant, to which they allege they are entitled under the adjudication of the register and receiver of the land office, on their claim to a right of pre-emption under the act of congress, of April 12, 1814.

The defendant resists the claim on an allegation, that neither the plaintiffs nor their ancestor, ever cultivated the premises, and so neither they or he are entitled to any claim to a right of pre-emption under the aforesaid act of congress.

Further, that he, the defendant, occupied and cultivated the premises during the years 1828–9, and part of 1830, and so he acquired a right of pre-emption under the act of congress of May, 1830; that he made application to be allowed to enter and exercise his right of pre-emption to the premises, but was not permitted to do so by the register of the land office, the plaintiffs having, in fraud of his rights, began proceedings to obtain the adjudication of the premises, and having finally succeeded in procuring it.

There was a verdict and judgement for the defendant, and the plaintiffs appealed, after an unsuccessful attempt to obtain a new trial.

It appears the plaintiffs did not succeed in making proof at the trial of any cultivation of the premises by their ancestor or themselves, though they did show he deadened trees, cut down underwood, and had some grubbing done on the land. Although, from the documents in the land office, it appears the register and receiver had evidence of cultivation.

The defendant showed occupancy and cultivation so as to establish his right of pre-emption under the last act of Congress, if no other individual had a better claim.

WESTERN DIS.
October, 1832.

WIDOW AND
HEIRS OF
HENRY
vs.
WELCH.

The act of adjudication or decision of the register and receiver, acting as land commissioners, in favor of a claimant of a pre-emption right to a tract of land, passes to such claimant all the right and title of the United States to the land claimed.

In a contest between two claimants under different laws for a pre-emption right, the decision of the register and receiver, acting as land commissioners, is final between the parties, and the Supreme Court has no right to revise or annul it.

It is clear the right of the United States by the adjudication of the officers of the land office, passed to the plaintiffs. They set up their claim to the right of pre-emption before, and had proceeded in their attempt to establish it some months before the passage of the act of Congress under which the defendant afterwards set up a claim. It is true the adjudication and payment of the price of the land was posterior to the last act of Congress. All this precludes the belief of any fraud in the plaintiff's attempt to resist any right of the defendant.

The last act of Congress may have given to the defendant the right of pre-emption; but this right gives him no title in the land, nor to the land, until he exhibits the necessary proof and procures the adjudication of the register and receiver. The decision of these officers has been adverse to his pretensions. We know not any right in us to revise or annul it, or substitute our own thereto. It is not for us to say whether he may be relieved by any proceedings in the nature of a *caveat*, to prevent the plaintiffs from finally obtaining a patent for the land. If we could examine the decision of the officers of the land office, we ought to have before us the evidence which the defendant produced to them. It is not pretended the record contains a tittle of it. Indeed, the decision itself is kept off. Are we to say the officers erred in not yielding to proofs promised after their decision? The plaintiffs show a title to the premises and the defendant does not exhibit any, but seeks to avail himself of that of the plaintiffs as obtained in fraud. We have already said no fraud appears; there is no privity, no contract between the parties, before us. This case is not like that of a person who having sold his right of pre-emption, attempts afterwards to avail himself of it to the injury of his vendee. As all his subsequent proceedings can be considered as fair and honest on the supposition that he acted for the benefit of his vendee, the latter may allege it, and the vendor will not be believed if he attempt to gainsay it, for he cannot do so without alleging his own turpitude.

It is, therefore, ordered, adjudged, and decreed, that het judgement of the District Court bc annulled, avoided, and reversed, and that the plaintiffs recover the premises from the defendant, with the costs of suit in both courts.