JOHN H. KELLAM *v.* JOHN RIPPEY.

Under the act of Congress regulating pre-emptions, the Register and Receiver of the
Land Office in the district in which the lands lie, have, alone, authority to decide
upon the claims for pre-emptions ; and proof must be made, to their satisfaction, of
all the facts necessary to establish the applicant's right to purchase by preference.

The right to claim a pre-emption, conferred by act of Congress, does not give the
party entitled thereto, any title in or to the land, until he exhibits the necessary
proof, and procures the adjudication of the Register and Receiver of the Land
District.

In an action by one claiming land under a patent from the United States, against a
party in possession who had made valuable improvements thereon, the latter will be
entitled to claim the excess of the value thereof above the fruits received since the
commencement of suit.

APPEAL from the District Court of Carroll, *Curry, J.*

BULLARD, J. The plaintiff alleges that he is the owner of a
tract of land of one hundred and sixty acres, of which the defen-
dant is in possession, claiming title to the same ; and he prays for
judgment for the land, and to be quieted in his title and posses-
sion. The title which he sets up is a regular patent from the
United States.

The defendant, after a general denial, alleges that he took pos-
session of the land in question in 1834, and has continued con-
stantly to occupy it since that period ; that he was above the age
of twenty-one, was a housekeeper on said land, and in possession
on the 22d of February, 1838 ; and he claims title under the act
of Congress of that date, having complied with all the requisites
of the act to entitle him to a quarter section. He alleges that the
plaintiff's patent was fraudulently obtained under the act of Con-
gress, approved on the 19th of June, 1834, reviving the act of
1830, by means of a pretended float, taken in consequence of a
pretended right of pre-emption which Mary Skinner and Randall
Golsby claimed to the same quarter section. He avers that they
had no pre-emption right. That the float, in virtue of which the
plaintiff pretends to derive title, was not located until after the
19th of June, 1836, when the pre-emption law of 1834 had ex-
pired. The respondent further alleges that he had made improve-

ments to the value of four thousand dollars, which he prays may be allowed him in case of eviction.

There was a verdict and judgment for the defendant, and the plaintiff has appealed.

The plaintiff exhibits, as evidence of title, a regular patent for the *locus in quo*, in which it is recited that the land is granted to him as assignee of Skinner and Golsby.

The defendant, on the other hand, has shown no title, nor any regular application to the Register and Receiver to be recognized as a pre-emptioner under the act of Congress of 1838. It is not enough that he shows a settlement and cultivation, when sued by the patentee who has already purchased the land of the United States. The pre-emption laws require that proof should be made of all the facts required by them, to the satisfaction of the Register and Receiver, who are to decide upon the right of the applicant to purchase by preference. The patent bears date Oct. 5, 1838, and the application of Rippey to purchase, and his tender of the price to the Receiver at Ouachita, was not until June, 1839. The record exhibits several *ex parte* affidavits taken in 1841, since the institution of the present action, tending to prove the settlement made by the defendant upon the land, but which do not appear ever to have been laid before the Register and Receiver, who alone have authority to decide upon the claims of pre-emptioners; and the act of 1838, under which the defendant sets up his claim, had expired by its own limitation, before those affidavits were taken. It follows from these facts, that the defendant, having no right under the act of Congress, cannot pretend that any fraud has been practiced upon him; and, even if we could inquire into the validity of a patent on an allegation of fraud, there does not appear to us to be in this case any foundation for such a charge.

This case cannot be distinguished in principle from that of *Henry's Heirs* v. *Welsh*, 4 La. 547. In that case the plaintiffs had purchased the land under the pre-emption act of 1814, and the defendant showed that he brought himself within the provisions of that of 1830; but his claim had been rejected by the Register and Receiver. The court said: "The last act of Congress may have given to the defendant the right of pre-emption, but this right gives him him no title *in* the land, nor *to* the land, until he exhibits the

necessary proof, and procures the adjudication of the Register and Receiver."

Entertaining this view of the rights of the parties in this case, it appears to us that the plaintiff has exhibited such evidence of title, as to authorize a judgment in his favor for the land. But the defendant has claimed, in reconvention, the value of the improvements which he put upon the premises. So far as those improvements have added to the value of the land, over and above the fruits since the institution of this suit, the defendant, in our opinion, is entitled to be paid by the party evicting him. See *Pearce et al.* v. *Frantum*, 16 La. 414. But the evidence is insufficient to enable us to fix the amount which he may justly claim, and for this purpose the case must be remanded.

The judgment of the District Court is therefore reversed, and ours is, that the plaintiff recover and be quieted in his title to the tract of land claimed and described in his petition ; but it is ordered that the case be remanded to the District Court for the purpose of ascertaining the value of the improvements, and the amount of fruits, or rents and profits, and that, in the mean time, no writ of possession be issued ; and that the costs of the appeal be paid by the defendant and appellee.

*Sparrow*, for the appellant.

*Elgee*, contra.