Same Case. — On a Re-hearing.
Simon, J.
We have been called on by an application for a rehearing on the part of the plaintiff and appellee, to reconsider this case, and to put an end to the controversy. This we have been prompted to do, as, after a careful re-examination of the record, we have convinced ourselves that the defendants and appellants are not entitled to the indulgence which we thought could be extended to them, though possessors in bad faith to a certain extent, under the principles recognized in the cases of Pearce et al. v. Frantum, (16 La. 414,) and Kellam v. Ripey, (3 Rob. 138,) on which our opinion in this case was based. On a closer scrutiny of the evidence, we have been able to ascertain that the defendants were mere trespassers on the plaintiff’s land, and that the definition of what constitutes a possessor in bad faith contained in art. 3415, of the Civil Code, was fully applicn- *257 ble to them; and that therefore, they cannot be entitled to the rights allowed by law to a possessor in good faith. Civ. Code, art. 3416.
We said in our first opinion, that the record contained no proof of any direct notice of the plaintiff’s title having been given to the defendants before the institution of this suit; but we think that it may be implied, and that they were sufficiently made aware of the existence of said title from the facts, that the plaintiff’s receipts and certificates were recorded in the office of the Judge of the parish of Concordia, on the 28th of May, 1839, (this suit was instituted on the 7th of January, 1840 ;) that the public sale of the land by the government of the United States to the plaintiff was made at Monroe, Ouachita ; that the records of the purchase by said plaintiff are deposited in the Land Office at the same place, where the defendants might have seen them, if they ever intended to make application to purchase the same land as part of the public domain by their right of settlement or pre emption, as alleged in their answer : and that one Francis Routh, who is shown by the testimony to have been living on said land for the plaintiff and as his agent, since 1838 or 1839, sent a man to give them notice to leave the premises in the year 1839 or 1840. The notice which the defendants had was not direct, it is true ; but we think it was sufficient to inform them, that the plaintiff was the owner of the property, and that, well knowing they had no title to it, it was their duty to abandon it to its lawful proprietor, without the necessity of a suit to compel them to do so.
Under the circumstances of .the case, and without lessening the weight which we have given to the authority of the legal principles recognized in the two cases above quoted, and by which, we were under the impression that the rights of the parties to this suit were to be governed, we are of opinion, that the judgment appealed from, which considers the defendants as mere trespassers, is correct j that the wood they have cut on the land and sold for their benefit, the destruction of the timber, and the use of the premises for several years, are a sufficient compensation for their improvements ; and that the defendants should be ordered to quit said premises, and move off the plaintiff’s land, *258 within ten days after the filing of our mandate in the court below.
It is, therefore, ordered and decreed, that our former judgment, so far only as it orders and decrees, that the plaintiff recover and and be quieted in his title to the tracts of land claimed and described in his petition, be maintained ; that the other dispositions of our former judgment be set aside, and that the judgment appealed from, be affirmed in all respects, with costs in both courts.