## KELLAM v. RIPPEY.

The only test as to the effect of a decree as *res judicata* is its *finality* as to the matters embraced in it, and its having the requisites prescribed by art. 2265 of the Civil Code.

APPEAL from the District Court of Carroll, *Copley*, J.   *Thomas* and *Snyder*, for the appellant. *Dupuy*, for the defendant. The judgment of the court was pronounced by

ROST, J. This is the third time this case has been before the Supreme Court. The first time, the question of title was determined in favor of the plaintiff, and the case remanded for the purpose of ascertaining the value of the improvements, and of the rents and profits since the institution of the suit. 3 Rob. 138. The second appeal was from a verdict and judgment fixing the enhanced value of the land at $1,833, above the value of the fruits assessed at $600. This judgment was set aside as exorbitant, and as including the buildings, without giving the plaintiff the option, under art. 500 of the Civil Code, to pay for

the labor and materials employed in their construction, or to require their demolition. The case was again remanded. 12 Rob. 44. On the last trial the plaintiff elected the demolition of the buildings, and the jury returned a verdict against him, for $1,913. He has appealed from the judgment rendered in conformity with this verdict.

It was contended in argument by his counsel that the decision of the court that, so far as the improvements had added to the value of the land, over and above the fruits since the institution of the suit, the defendant was entitled to be paid by the party evicting him, is not conclusive against the plaintiff, and that it is erroneous, this not being a case in which the defendant can recover the value of improvements made by him.

We think the decision final. The right of the defendant to recover was passed upon and expressly recognized; but as the evidence in the record was insufficient to enable the court to fix the amount to which he was entitled, the case was remanded for that purpose alone. " The only test as to the effect of a decree is its finality as to the matters embraced in it, and its having the requisites of art. 2265 of the Civil Code. *Succession of Durnford*, 1 Ann. 92.

On the merits, the last jury acted in open defiance of the directions given by the Supreme Court. The tendency of all such exhibitions is to bring the administration of justice into contempt, and we will take care that they be not renewed in this case. The evidence establishes the quantity of land cleared at the time of the institution of the suit to be thirty acres, and the enhanced value to those thirty acres by the clearing to be $20 per acre, making the value of the improvements, exclusive of the buildings, $600. Deducting from this amount the lowest rate of rent proved by the witnesses, since the institution of the suit, and making full compensation for the fences and enclosures which the jury may have taken into account, we are satisfied that the balance due the defendant cannot exceed $350.

It is therefore ordered that the judgment be reversed, and, proceeding to give such a judgment as should have been rendered in the first instance, it is further ordered that the defendant recover from the plaintiff the sum of $350, for the value added to the land in controversy by his improvements, except the buildings, over and above the fruits since the institution of the suit. It is further ordered that one-half of the costs in both courts be paid by the plaintiff, and the other half by the defendant.