### No. 9416.

### JOHN W. BLACK, SYNDIC, vs. NELSON McSTEA.

In a suit by the syndic of an insolvent for the purpose of annulling a contract alleged to operate an unjust preference in favor of one creditor over the others, the value of the property pledged or transferred is the test of the jurisdiction of the appellate court.

If the amount of the security sought to be recovered by the syndic does not exceed $2000, the Supreme Court is without jurisdiction.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor*, J.

_____

*W. S. Benedict, Jos. P. Hornor* and *F. W. Baker* for Plaintiff and Appellant.

*T. Gilmore & Sons* for Defendant and Appellee.

_____

The opinion of the Court was delivered by

POCHÉ, J. The object of this suit is to cancel and avoid a contract of pledge through which, it is alleged, the insolvent firm of Edward Pillsbury's Sons gave an unjust preference to the defendant, to whom they were indebted in the sum of $4269 86, over their other creditors.

The property pledged consisted of certain stock of the alleged par value of $2000. Plaintiff appeals from an adverse judgment; defendant suggests our want of jurisdiction *ratione materiæ*.

The legal effect of our judgment under the pleadings would be to maintain or to cancel the contract complained of, and could not therefore affect either party in a sum exceeding two thousand dollars, exclusive of interests and costs.

Defendant's claim against the insolvents could not be involved in its intrinsic merits in any judgment which could be rendered in this suit. His security alone, not exceeding two thousand dollars, could be wrested from him in the event of the reversal of the judgment appealed from.

It follows, therefore, that the matter in dispute does not amount to the lower limit of our jurisdiction.

The appeal herein taken is, therefore, dismissed at appellant's costs.