## RICHARDSON v. TRUSTEES LOAN AND GUARANTY CO., INC., ET AL.

(March 4, 1929. Opinion and Decree.)
(March 18, 1929. Rehearing Refused.)

Raymond H. Saal, of New Orleans, attorney for defendant, appellee.

Lloyd J. Cobb, and Herman M. Baginsky, of New Orleans, attorneys for plaintiff, appellant.

WESTERFIELD, J. Plaintiff obtained judgment by default against Joseph B. Richardson, issued a fi. fa., and seized certain property belonging to John B. Richardson. John B. Richardson made the proper affidavit, gave bond, and caused the property to be released, whereupon plaintiff filed a motion setting up that Joseph Richardson and John Richardson were the same individual, and that John B. Richardson had been served at his residence No. 361 Broadway Street, though the citation and sheriff's return were in the name of Joseph Richardson; that John Richardson was estopped from denying that he was the party served with citation and that the seizure of John Richardson's property should be maintained and the property ultimately sold in satisfaction of a judgment obtained against Joseph Richardson; that, in view of the release of the property under bond, John Richardson and his surety should be condemned to pay the judgment rendered in the cause.

To this rule John B. Richardson answered that he had never been made a

party in the suit; that the court was without jurisdiction; that the rule disclosed no cause of action and that the procedure was unauthorized, being an attempt to alter a judgment by a method not recognized by law; and denied generally all the allegations of the rule.

On the trial of the rule the Judge ordered the constable to continue with the seizure and dismissed all exceptions, and overruled all objections made by defendant.

From this judgment John B. Richardson appealed to this court.

The transcript as filed did not contain any testimony taken on the trial of the rule, though it affirmatively appeared from the following certificate, signed by the judge of the trial court, that there had been oral testimony administered:

"I hereby certify the foregoing to be a true and correct transcript of the docket of this Court in the above entitled and numbered cause, embracing all the proceedings had, and that attached hereto are all the papers on file, except the testimony taken on the trial of the rule herein filed which was not reduced to writing and except the Appeal Bond, a copy of which is herewith transmitted."

In a decree handed down July 2, 1928, 9 La. App. 54, dismissing the appeal, this Court held that:

"Where it is evident that the transcript does not contain all the evidence upon which the case was tried, this court will not reverse the judgment, but will dismiss the appeal ex proprio motu." 1 La. Dig., p. 489, S. 430; Lanfear vs. Duraind, 20 La. Ann. 161; Nugent vs. Stark, 34 La. Ann. 628; Harrison vs. Soulabere, 52 La. Ann. 710, 27 So. 111; Bank of Minden vs. Lake Bisteneau Lbr. Co., 47 La. Ann. 1432, 17 So. 832; Thibodeaux vs. Winder, 39 La. Ann. 226, 1 So. 451; State vs. Johnson, 37 La. Ann. 620; Morrison vs. Lynch, 36 La. Ann. 611.

Thereafter John B. Richardson brought an action in nullity against the Trustees Loan and Guaranty Co., Inc., the plaintiff in the former suit, upon the grounds alleged in defense of the rule to maintain the seizure under fi. fa. against his property in the former suit, and upon the further ground that plaintiff had not been made a party to the suit, because no citation had been served upon him, either in the name of Joseph Richardson or John Richardson, the purported domiciliary service made upon a servant in his employ, as is made to appear by the sheriff's return, being invalid, because plaintiff employed no servant, and there was no one residing or living at his domicile.

To this petition defendant filed an exception of res judicata, based upon the judgment in the former suit. The exception was maintained and plaintiff has appealed to this court.

Considering the fact that a very small sum of money, $161.00, is involved in this case, which has already been protracted beyond all proportion, we are much inclined to maintain the exception, in order that there might be an end to the litigation. But our inclination is restrained within legal bounds.

Article No. 2286, Rev. Civil Code, reads as follows:

"The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality."

Our courts have held that this article must be strictly construed and that under our system of law, unlike the common law, the authority of the thing adjudged

is limited to and not extended beyond the statutory provisions of the code.

"The doctrine of the common law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system.

"Here in Louisiana the doctrine is much more restricted than in common law states. State of La. vs. The American Sugar Refining Co. (recently decided) 32 South. 965, 108 La. 603.

"It is with us of statutory declaration and its scope and extent is defined and limited by the codal provisions of the law. Thus, Civil Code, Art. 2286, declares that the authority of the thing adjudged takes place only with respect to what was the object of the demand. The thing demanded must be the same and the demand must be founded on the same cause of action." Woodcock vs. Baldwin, 110 La. 270, 34 So. 440.

In Scovel vs. Levy's Heirs, 118 La. 993, 43 So. 642, the court said:

"Whatever may be the view of the Supreme Court of the United States and of the other courts, this court has uniformly followed the language of the code and insisted that in order to constitute res adjudicata the thing demanded and the object of the judgment must be the same."

The only test of a decree as res adjudicata is its finality and conformity to Article 2286 of the Revised Civil Code. Succession of Durnford, 1 La. Ann. 92; Kellam vs. Rippey, 3 La. Ann. 202. La. Dig., vol. IV, verbo, Judgment, page 375.

The issue raised by the former proceeding was the validity of the seizure of plaintiff's property under the fi. fa. The issue in this case is the nullity vel non of the judgment under which the fi. fa. issued. No question of the nullity of the judgment could have been raised on the trial of the rule to subject plaintiff's property to seizure, because the Code of Practice requires a separate action by petition and citation. C. P., 610; Woolfolk vs. Woolfolk, 30 La. Ann. 139. The thing demanded, the cause of action and the object of the suit were not the same in both suits, consequently the essential codal conditions do not obtain, and the exception of res judicata must be overruled.

For the reasons assigned the judgment appealed from is reversed, the exception of res judicata overruled, and the case remanded for further proceedings according to law, and consistent with the views herein expressed.

————

JONES, J., dissenting:

In suit No. 151707, Section "C", First City Court, plaintiff herein, John B. Richardson, vainly sought to set aside seizure of his property by filing various exceptions to rule for maintenance of seizure, among which are the following two:

(1) "That the said John B. Richardson has never been made a party defendant in this suit, having never been served with citation in accordance with law."

(2) "That the defendant in said cause is Joseph B. Richardson and not the said John B. Richardson, and that the citation in said cause, (as will appear by the return of the Constable of the First City Court), was addressed to the said Joseph B. Richardson and the return of the Constable shows service thereof was made upon him."

In the present proceeding, John B. Richardson is attempting to set aside a judgment overruling those exceptions by again attacking the citation. In other words he is now attempting to litigate substantially the same issue by filing additional attacks on the citation. Having taken one grip in an exception and lost, he wishes to

change and take another by a suit to annul.

Non constat he may return in a few months with still another attack on the same citation and thus the proverbial "law's delay" will be indefiniately prolonged.

In Harvin vs. Blackman et al., 121 La. 431, 46 So. 525, the Supreme Court said:

"A valid judgment for the plaintiff definitely and finally negatives every defense that might and should have been raised against the action in any subsequent proceeding between the parties, whatever the cause of action."

See also:

William E. Sewell vs. John H. Scott, 35 La. Ann. 553.

Mrs. M. L. McNeely vs. Jas. H. Hyde, M. Ryan and J. T. Hickman et al., warrantors, 46 La. 1083, 15 So. 167.

Finley, Dicks & Co. vs. Whitney-Central Nat'l Bank, 12 Ct. of App. (Par. of Orleans) Reports, 335.

In the case of W. A. Shaffer vs. J. A. Scuddy, 14 La. Ann. 575, it is held that in a petitory action, the defendant is bound to plead all the titles under which he claims to be owner, and a final judgment rendered in favor of the plaintiff may be pleaded as res judicata against any title which the defendant was possessed of at the time, but omitted to plead, and in its reasoning to this conclusion, the Court said:

"If one of the parties neglects or does not wish to introduce a part of his evidence when it is known to him, the issue can not, after a final decision, be again opened to enable him to do so. If this were possible, litigation would be uselessly continued. If a party has four titles, he could institute in succession four different suits, instead of having the issue of ownership terminated in one suit." Citing Williams vs. Close, 12 La. Ann. 878.

This same doctrine is followed in the following cases:

William H. Howcott vs. Geo. S. Petit, 106 La. 530, 31 So. 61.

Lindquist vs. Land & Lumber Co., 112 La. 1030, 36 So. 843.

This doctrine has also been very recently followed by this Court in the case of Norman vs. Woods, decided on January 2, 1928, and reported in 8 La. App. 184, and has been even more recently followed by the Supreme Court in Succession of Whitner, 165 La. 769, 116 So. 180, in which the Court held:

"A final judgment of the Court having jurisdiction over the parties on the subject matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might have successfully made."

Practically all of the cases on the subject matter are accumulated and cited in this decision.

Richardson has had his day in court and in the interest of justice the exception of res judicata should be maintained.