## SCHEXNAYDER v. UNITY INDUSTRIAL LIFE INS. CO., Inc. *
### No. 1711.

Court of Appeal of Louisiana. First Circuit.
May 6, 1937.

*Rehearing denied June 9, 1937. Writ of error refused June 22, 1937

Fernandez & Fernandez, of Franklin, for appellant.

Brumby & Bauer, of Franklin, for appellee.

**LE BLANC, Judge.**

This suit is a sequel to a former suit between the same parties on a demand made on the same industrial life insurance policy, in which an exception of no cause of action, filed in this court, was sustained and plaintiff's suit dismissed at her costs. See Schexnayder v. Unity Industrial Life Insurance Company, Inc., 168 So. 732.

Reference to the decision in the former suit shows that the plaintiff's demand was predicated on an automatic extended insurance provision in the policy, under which she claimed, that by reason of the payments made by the insured, who was her son, the policy had automatically carried itself for a period far in excess of four years and, as the insured had died within four years from the date of the last premium payment,

she, as beneficiary, was entitled to recover the full amount of the policy under its terms. Plaintiff had not annexed the policy to her petition nor had she made it part of the same, but, on order for oyer prayed for at the request of the defendant, she produced it and it was filed in the record. In considering the exception of no cause of action, this court held that the policy having been filed in the record in response to a prayer for oyer, it had become part of the pleadings and constituted in fact the demand in the case. It was further held that as its provisions were at variance with the allegations of the petition in respect to the period of extended insurance, it controlled those allegations and, it appearing that the period of extended insurance was three years and eight months and the insured having died more than two months after that period, there could be no recovery under the provisions of the policy which had been invoked.

In the present suit, based on the very same provision in the policy, plaintiff has at considerable length set up allegations which are more or less of an argumentative nature, and, by calculations of her own, has attempted to show that the figures reached in the table of automatic extended insurance in the policy are in error and not in accordance with the method generally used in making such calculations by reputable insurance companies. In a further effort to present a cause of action, she alleges that the figures appearing in the policy under the caption "Table of Cash Loans, Paid-Up Insurance Values and Extended Insurance" are the result of "inefficiency, artifice, error and fraud" and that under the calculations worked out in the petition, according to the Actuaries' or Combined Experience Table of Mortality, which, under the provisions of the policy was to govern as to the basis of value, the period of automatic extended insurance should be six years and ten months instead of three years and eight months.

The prayer of her petition is for judgment the same as was prayed for in the former suit.

In answer to the citation and petition served upon it, the defendant appeared and excepted to the petition on the ground that the allegations thereof and the relief therein sought had been passed on by the judgment of this court in the former suit, which judgment, it is urged, constitutes res adjudicata between the parties. The lower court

**156**

sustained this plea and dismissed plaintiff's suit, whereupon she took the present appeal.

■ Among the legal presumptions established by law to certain acts or certain facts, according to the terms of article 2285, R.C.C., is "the authority which the law attributes to the thing adjudged." Under the provisions of article 2286, we see that "the authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." It has been held that the test of the plea of res adjudicata is whether it meets the requirements or falls within the terms of this article of the Civil Code. If the thing adjudged conforms to them all, then the plea should be sustained, if it fails in any one respect, it should be overruled. See Semple v. Scarborough, 44 La.Ann. 257, 10. So. 860. In Richardson v. Trustees Loan & Guaranty Co., 10 La.App. 363, 120 So. 890, the court stated that "the only test of a decree as res adjudicata is its finality and conformity to article 2286, Revised Civil Code," citing Succession of Durnford, 1 La.Ann. 92; Kellam v. Rippey, 3 La.Ann. 202.

Applying this test to the plea presently before the court, we find that it has to prevail because all three of the requirements are met. The thing demanded, that is, the amount due under the policy, to wit, the sum of $300 with interest at 6 per cent. from December 26, 1932, is exactly the same, plaintiff even making the alternative demand for legal interest at 5 per cent. in the event her prayer for interest at 6 per cent. is denied, and further asking that the interest run from the date of her first judicial demand, referring to the demand made in the former suit; secondly, the demand is predicated on precisely the same cause of action as it was in the former suit, namely, that the policy, under the automatic extended insurance clause, had carried itself for a period exceeding the date on which the insured died; and, thirdly, the parties are the very same, appearing in the same qualities they occupied in ˅the first suit, plaintiff as the beneficiary claiming the proceeds of the policy and defendant as the insurer which issued the policy on the life of the insured, Vilmore Schexnayder.

■ However, plaintiff contends that allegations of fraud and error appear in the petition presented in this suit which were lacking in the former and therefore a cause of action is disclosed. But on examining the allegations referred to, we · find that they merely express the opinion or conclusion reached by the pleader, that there is . fraud or error because the calculation made in the table of extended insurance in the policy does not conform to the calculations as made by what she calls reputable insurance companies. Because, forsooth, the method of computation used by this defendant is different from that used by other insurance. companies, which plaintiff is pleased to refer to as reputable, of itself, does not make this defendant company disreputable. The allegations as made do not carry even an implication that such is a fact. Plaintiff has not made one allegation from which any more facts could be implied than were made in the petition in the former suit when she alleged that by virtue of its own provisions, the policy had carried itself under its extended insurance feature for a period in excess of four years. Unfortunately for her, this court held in that suit, that this allegation was at variance with the provisions of the policy and that as the latter governed, she was without cause of action since the insured had died after the extended insurance period had expired. Her counsel question the correctness of our former opinion and decree, but unfortunately again for their client, they did not apply for a rehearing, nor did they seek to obtain writs of review from ·the Supreme Court and the decree has now become final. As between the parties to this suit, our former judgment has become the law by which their rights under the policy are to be governed and constitutes res adjudicata between them.

■ Finally, the contention is made that the judgment of this court was one on an exception of no cause of action which cannot form the basis of a plea of res adjudicata. The learned trial judge disposed of this point as well as all others, in his written reasons for judgment. With regard to this contention, he said:

"I concede that generally the dismissal of a suit on an exception of no cause of action cannot sustain the plea (of res adjudicata), since such an exception is technical and does not involve the merits. But in the case at bar, upon a reading of the

opinion and judgment of the Court of Appeal, it is obvious that the exception involved the basis and merit of the suit, to wit: the policy sued on. The Court construed the policy and definitely determined and fixed the rights and liability of the parties as flowing from its very provisions. No technical question of pleading was involved.

"Where a judgment sustains an exception of no cause or right of action, and the exception is aimed at and involves the merits of a plaintiff's demand, this judgment can be the basis for the plea of res adjudicata the same as if the judgment had been rendered on submitted evidence. Laenger v. Laenger, 138 La. 532 [70 So. 501]; Ducros v. St. Bernard Cypress Co., 164 La. 787, 114 So. 654."

There is nothing we can add which would more aptly dispose of this last contention.

We are satisfied that the judgment below correctly sustained the plea in this case and it is therefore affirmed.