On July 12, 1938, the Bodcaw Lumber Company of Louisiana, Inc., filed this suit in the Parish of Natchitoches, Louisiana, against Mrs. Catherine E. Wallette in which it alleged that it was the owner of the S 1/2 of SE 1/4 of Section 12, Township 13 North of Range 8 West, Natchitoches Parish, Louisiana. In said petition it set out its title. It alleged that it had been in undisturbed and peaceable possession of said land for more than one year preceding the trespass on the land by defendant. It further alleged that defendant had taken actual possession of part of said land within the year prior to the filing of this suit and refused to deliver possession to plaintiff. Plaintiff prayed for judgment recognizing it as entitled to peaceable and undisturbed possession of said land, which was in the possession of defendant, and ordering her to vacate and deliver same to it, and further ordering her to remove any buildings or improvements therefrom which had been placed thereon. *Page 664 
Service was had on defendant on July 13, 1938. No appearance was made by her and on October 26, 1938, judgment by default was rendered in favor of plaintiff as prayed for.
No action was taken on this judgment until June, 1944, when Stamps Land Company, Inc., filed a rule on defendant to show cause why the Stamps Land Company, Inc., should not be recognized as the vendee and assignee of all rights of the Bodcaw Lumber Company of Louisiana, Inc., in and to and under said judgment, and why a writ of possession should not issue to enforce said judgment and put petitioner, Stamps Land Company, Inc., into possession of said land.
The Court signed an order calling for rule to be served on defendant and for her to show cause on July 10, 1944, at which time defendant came into Court and filed answer to the rule in which she set up the following:
"1. She denies that Stamps Land Company, Inc. is transferee of Bodcaw Lumber Company, Inc., for lack of information.
"2. Your defendant shows that Bodcaw Lumber Company, Inc. was not in possession of the property involved in this suit at the time the suit was filed nor for years prior thereto within her memory. That Bodcaw Lumber Company has not been in possession of any of said property since the suit was filed nor is the Stamps Land Company, Inc., in possession of any part of said property.
"3. That when this suit was instituted on July 12, 1938, your defendant was in actual possession of this property and had been in actual, open and physical possession of it for more than one year.
"4. That when this suit was instituted and she was served with a citation, she immediately went to the office of Mr. John G. Gibbs, an attorney at law in the City of Natchitoches, Louisiana, and discussed the case with him and it was her thought and intention to retain Mr. Gibbs to defend her rights in the suit and she thought she had made the necessary arrangements with Mr. Gibbs to defend her in the action.
"5. That after the discussion with Mr. Gibbs, she returned to her home to wait until she heard from him, and never realized that her interests were not being protected until she saw in the Natchitoches Times sometime thereafter that a default judgment had been rendered against her in said cause.
"6. That after reading in the Natchitoches Times the account of the default judgment, she went immediately to the office of Mr. J.G. Gibbs and discovered for the first time that there had been no mutual understanding between them in that Mr. Gibbs on that occasion advised her that he did not understand that he had been retained to defend the suit for her.
"7. She shows that this judgment should be annulled and set aside and that unless such be done, a grave injustice will be wrought and that equity, law and justice will not be done unless this judgment is set aside.
"8. That she had a valid defense to this suit in that she was in actual possession of the property and had been for more than one year, whereas the plaintiff had never been in actual possession of it since she can remember for many years back.
"9. That under the law of Louisiana, it is necessary and essential that the plaintiff be in possession in order to maintain a possessory action, and that this plaintiff was not in actual possession when this suit was brought nor had this plaintiff been in possession for more than twelve months past.
"Wherefore, she prays that the default judgment heretofore rendered herein be set aside and that plaintiff take nothing by this action. For general and equitable relief, cost, etc."
On trial of the rule, plaintiff offered the judgment rendered in favor of the Bodcaw Lumber Company of Louisiana, Inc., against defendant and the notarial act of sale and assignment from the Bodcaw Lumber Company of Louisiana, Inc. to Stamps Land Company, Inc., and the notarial act by the liquidators of the Bodcaw Lumber Company of Louisiana, Inc.
When defendant tendered her answer for filing, plaintiff objected to the filing of the answer, insofar as it seeks to annul the judgment rendered in the original proceedings of date October 26, 1938, for the reason — "That this is an incidental demand and a suit to annul cannot be raised in answer to a rule, whereas an incidental demand applies to the original suit to annul and there cannot be any collateral attack in this manner." The above objection covered all the answer tendered, except Article *Page 665 
1 thereof, and the objection was sustained by the lower Court. Under the ruling of the lower Court, defendant could not offer evidence to sustain the alleged ground to annul set up in the tendered answer and did not offer any testimony. The lower Court rendered judgment on the rule, as prayed for by plaintiff, and defendant is prosecuting this appeal.
In this Court, plaintiff has filed a plea of prescription of one year to defendant's right to seek to annul the judgment. The plea was filed in the alternative and only if the Court should find that defendant's answer, in which she alleged the judgment was a nullity, has properly presented to the Court the question of nullity. In her brief appellant does not discuss or attempt to show error in the ruling of the lower Court, which was that she could not in this proceeding set up in answer to the rule to show cause the nullity of the judgment rendered by default against her more than five years before the rule was issued. Appellant's only contention is that she believes if she had defended the possessory action in which the default judgment was rendered, she could have defeated plaintiff's claim. She alleged and contends that she did not defend it because of some misunderstanding between her and her lawyer. She also states that she knew judgment was rendered against her in said suit in 1938, but does not attempt to explain why she let more than five years pass without taking any action to have said judgment annulled or set aside. Appellant does not allege fraud on the part of anyone and she does not allege that plaintiff in that suit did anything to prevent her from defending it or to cause her to believe it was unnecessary to defend it.
We find no error in the ruling of the lower Court in refusing to allow defendant in rule to seek to nullify the former judgment of the Court in her answer to the rule for the following reasons:
1. Defendant failed to set up in her answer any legal grounds for annuling the judgment, as provided by Code of Practice, § 3, under the title "Of the Nullity of judgments"; and
2. Article 610 of the Code of Practice under the above title provides that the party praying for the annulling of a judgment must bring his action by means of a petition and the adverse party must be cited to appear, as in ordinary suits. Richardson v. Trustees Loan Guaranty Co., 10 La.App. 363, 120 So. 890; Woolfolk v. Woolfolk, 30 La.Ann. 139; Bruno v. Oviatt, 48 La.Ann. 471, 19 So. 464; Marbury v. Pace, 30 La.Ann. 1330.
There is no error in the judgment of the lower Court and it is affirmed with costs.