## No. 8748.

### JEAN TORRES ET AL. VS. FELIX FALGOUST.

Fault is imputable to an appellant, owing to deficiencies in the transcript of appeal, where it appears that the transcript was prepared in part by appellant's counsel, who had the making of it under his control and supervision.

A transcript is fatally incomplete, when it does not contain copies of certificates of registry of acts which, according to the note of evidence, were introduced in proof, and where it does not show that plans, bound with it, and bearing no character of authenticity or filing, are identically those received in evidence.

A motion for a *certiorari* to perfect the transcript, made after a motion to dismiss has been filed, and on the day of trial, cannot be granted where the transcript is defective by the fault of the mover.

APPEAL from the Twenty-second District Court, Parish of St. James. Cheevers, J.

*Chas. F. Claiborne* and *Robt. G. Dugué* for Plaintiffs and Appellants:

An appeal should not be dismissed because documents merely offered, but not filed, have not been transcribed in the record. 32 An. 1076 ; 2 L. 165 ; 11 An. 72.

A clerk has no right to include documents in the record, which have not been produced and filed. If he does include them, the Court cannot consider them. 32 An. 1076.

Plans incorporated into and bound up with the other pages of the transcript of appeal, and which are repeatedly referred to in the index and the note of evidence, as being at the pages where they are actually found, which bear upon their face the marks or letters by which they were designated in the note of evidence and which show when and by whom they were offered, are sufficiently identified and authenticated to permit the Court to consider them as parts of the record, where the clerk certifies that the "foregoing       pages contain a correct transcript, etc.," and there is no pretense that the plans are not true copies, and no charge of fraud or malpractice, etc.

Because an appellant, or his counsel, takes an active part in the preparation of a transcript of appeal, is not a cause of dismissal. 31 An. 428. The law favors, does not punish the vigilant.

Whether written by the clerk, or by another for him, a transcript of appeal and the certificate thereto are the transcript and certificate of the clerk himself. 31 An. 595.

Where a transcript was incomplete by the fault of an appellee, who had withdrawn papers from the record, the case was remanded. 13 L. 82 ; 1 An. 246 ; 16 An. 374 ; 1 An. 40.

Affidavits of reputable counsel are favorably entertained by this Court, in proper cases. 29 An. 384.

A *certiorari* should always be granted when prayed for in season, and gross negligence is not

shown. C. P. 898; 19 An. 81; 2 An. 390; 1 An. 417; 4 An. 534; 11 L. 382; 29 An. 822; 33 An. 875; 31 An. 595; 10 L. 409; 5 An. 576.

Time is given to the next term, if necessary, to carry out or to cause a *certiorari* to be executed. 12 L. 437, 537.

Appellees may themselves apply for the writ. 5 M. 668; 13 An. 288. 479.

The law favors appeals, and in doubtful cases courts invariably interpret the law liberally in favor of the appeal. 19 An. 81; 2 An. 390; 1 An. 417; 4 An. 534; 11 L. 382; 29 An. 823; 33 An. 875; 31 An. 595; 10 An. 235; 9 L. 472; 29 An. 833.

Errors of an attorney may always be corrected if justice require it, and it can be done without injuring his adversary. 5 An. 576; 7 N. S. 647; 10 L. 409; 10 Wall. 425.

Although a transcript may be deficient, yet the Court may consider and decide points of law raised by the bills of exception in the record. 10 L. 555; 13 L. 83; 7 L. 173; 12 L. 415; 12 An. 332.

*Sims & Poché* for Defendant and Appellee:

---

ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant and appellee moves to dismiss this appeal, on the ground of deficiencies existing in the transcript, by the fault of the appellant.

The motion states in what particulars the record is incomplete, and the circumstances under which it was prepared.

Its averments are verified by the oath of counsel and by that of the clerk of the District Court, from which it appears that the transcript was made in part by the attorney of appellant and under his direction.

Appellant's counsel submits in opposition or explanation, a lengthy *affidavit*, designed to exonerate his client and himself from all imputation of fault and negligence.

On the day previous to that on which the motion to dismiss was made, the appellant presented a petition at chambers to this Court, enumerating documents not included in the transcript and which should have been copied in it, prayed for an order to the clerk of the lower court to transmit a certified copy of the same to this Court. At the opening of the Court on the day on which the case was to be argued, producing a copy of the documents, the appellant was permitted to file them as a supplement of the transcript. This copy appears to satisfy in part the complaint in the motion to dismiss, of the absence of the documents thus copied and transmitted.

On that same day, the 29th of January, the appellant guardedly moved the Court for an order to the clerk of the lower court, having in view to obtain from him a copy of certificates of registry of certain authentic acts introduced in evidence, for the copying of which blanks had been left in the transcript, and also to authorize him to certify properly two certain plans, bound in the transcript and which bear no

appearance of authenticity. The granting of the motion was opposed by counsel for appellee. The two motions : that to dismiss and that just mentioned, were then taken under advisement.

The certificate of the clerk is not full and complete, as the law requires. It attests that certain *affidavits* and writs of arrest filed in evidence were not included in the transcript, because they were not found. It further states, that certain certificates of registry mentioned as offered in evidence were likewise left out, because they were not produced or filed in evidence. It is silent as to the two plans, which are not identified with the case by any indorsement or filing.

The appellee does not complain of the absence of the *affidavits* and writs, which are besides accounted for as not found. For their loss or misplacement the appellant could not be held responsible.

The acts and certificates of registry were put in evidence, as the " *note* " taken at the time minutely shows. Neither the clerk nor the appellant can be heard to say the contrary, for the transcript is certified by the clerk, as made by him, and is brought up by the appellant as a correct one, with the exceptions therein stated.

The declaration of the clerk in his certificate is unauthorized, as it contradicts *ex parte* the note of evidence which unequivocally states that the certificates *were filed* in evidence. This note or entry is made in open court in presence of the parties, is their property and cannot be gainsaid in that manner by the clerk.

The clerk does not say that those acts and certificates were mislaid or lost, or could not be found. If such had been the case, he should at least have so certified.

His omission to copy these acts and the certificates, and the failure of the appellant to have had them embodied in the transcript, cannot however be excused, for the obvious reason that the acts were passed and the registries made by the parish recorders, whose successor he is and whose archives he keeps. Const. Art. 121. They were accessible. It would therefore have been easy for him to have supplied, as in duty bound, the deficiency to which he certifies and of which complaint is made. In such a case, it would not have been difficult for the appellant to have had the clerk to fulfil that duty and thus shielded himself from the attack which is now made upon him.

The plans bound in the transcript should have been certified as copies of originals, or filed as introduced in evidence and annexed to the transcript by consent of parties, or for other good reason.

It is then manifest that the transcript is deficient.

The question next presented is simply : whether it is so by the fault of the appellant and being such, the latter can on the day of the argu-

ment apply successfully for a *certiorari*, which if granted, necessarily continues the case over to the next term, that is for one year, presumably to the injury of the appellee, in whose favor the judgment of the lower court was rendered.

. There can be no doubt that it is shown the making of the transcript of appeal was assumed by the appellant and his counsel; that nearly one-half thereof was made by the latter and the other portion by his direction ; that the certificate at the end of the transcript was written out by the counsel and signed by the clerk.

The appellant and his counsel were bound to know, and therefore knew, of the deficiencies complained of and which the blanks left unfilled loudly announced.

Those blanks could have easily been filled, and the plans could without trouble have been authenticated at any time before the completion of the transcript and even since, up to the day of argument, had proper steps been taken therefor.

The remedial and curative Act of 1839, now Article 398 of the Code Practice, was designed for the relief of appellants not in fault, but was not intended for the benefit of those who can, as in this case, be successfully charged with dereliction of duty. In such cases, where no blame can be attached to the appellant, this Court has allowed relief, even after the submission of the case. 15 An. 717 ; 3 R. 1 ; 4 An. 276 ; 33 An. 653.

In the case of Hoover vs. York, 33 An. 653, the appeal was dismissed by this Court, because the transcript charged with incompleteness by the fault of the appellant, was shown to have been made under the direction of appellant's counsel.

It takes no argument to hold that *a fortiori* must such be also the case where the transcript was made by the counsel, to a considerable extent, and controlled by him in its other parts.

It would be unjust to allow the appellant to reap an advantage from a state of things which he was instrumental in procuring.

The penalty for such a fault is the dismissal of the appeal and the consequent refusal of continuing the case to the next term, to permit the *certiorari* to be issued and carried out.

It is, therefore, ordered and decreed that the motion for a *certiorari* be refused, and that the motion to dismiss prevail, and accordingly it is ordered that this appeal be dismissed, at the cost of the appellant.

Poché, J., recuses himself, having been of counsel; replaced by Hon. W. T. Houston, Judge Civil District Court, Parish of Orleans, the remaining Justices being unable to agree. Const. Art. 85.

Justices Todd and Fenner dissent.

### DISSENTING OPINION.

FENNER, J.. There can be no doubt that, under the clerk's certificate as appended to the record, and without reference to the extraneous affidavits filed in support of the motion to dismiss, the appellant would be fully protected against the penalty of dismissal on account of the incompleteness of the record.

Those affidavits, though tending to impute the defects to the fault of appellant's counsel, are contradicted by the counter-affidavit of the latter, which, being in accord with the clerk's official certificate, should in my judgment prevail.

Far from being in fault, I am satisfied that the attorney of appellant has exerted unusual labor and diligence to secure the timely and proper bringing up of his appeal. The defects which exist were susceptible of easy remedy, were not, in my opinion, attributable to his fault, and should not defeat his appeal.

I, therefore, dissent.

Todd, J., concurs in this opinion.

Bermudez, C. J., and Justices Manning and Houston concur in refusing the rehearing asked in this case.

Justices Todd and Fenner dissent, and think that the rehearing should be granted.