State vs. Johnson.

## No. 9466.

### THE STATE OF LOUISIANA VS. RICHARD JOHNSON.

The rules which regulate the confection of transcripts of appeal in civil cases, apply alike in criminal cases.

A transcript of appeal in a criminal case, which contains no other matters but the record of defendant's motion for a new trial, and which purports to be such under the certificate of the clerk, is utterly insufficient and cannot sustain an appeal.

APPEAL from the Ninth District Court, Parish of Concordia. *Young*, J.

*M. J. Cunningham*, Attorney General, for the State, Appellee:

#### ON MOTION TO DISMISS.

1. The filing of a transcript of appeal, only purporting to be a transcript of certain parts of the trial, and not a record of all of the judicial proceedings absolutely necessary to the validity of a criminal prosecution, is a fault imputable to appellant, and the appeal will be dismissed. The appellant must bring up a complete transcript of the entire proceedings.

#### ON MERITS.

2. Should the jury, in a criminal trial, be attended by an unsworn officer during a recess of the court, the verdict will not be set aside, if it affirmatively appears that they were not influenced by the inadvertence. 38 Ill. 514; 72 Ill. 468; 11 Humph. 169; 4 How. (Miss ) 187; 16 Wis. 333; 18 Grat. 933; Wharton Cr. P. and P. § 728.

3. The mere presence of an unsworn person in the room with the jury, while it is in charge of a sworn officer, will not vitiate the verdict.

*G. F. Bowles* for Defendant and Appellant.

State vs. Johnson.

The opinion of the Court was delivered by

POCHÉ, J. The attorney general's motion to dismiss this appeal must prevail.

The transcript which the appellant has filed in this Court, does not contain a copy of the record in the case of the State vs. Richard Johnson, but it is precisely what it purports to be, a copy of the record of defendant's motion for a new trial in that case, and the clerk so certifies.

Hence as a transcript it lacks the most essential requisites of such a document. Besides its absolute insufficiency, it bears evidence on its face that it was made, as it is, under the directions of appellant's counsel. Hence the fault is clearly imputable to the appellant himself.

The transcript was filed here on the 28th of April last, a timely motion to dismiss was filed, pointing out its fatal defects; appellant's brief on the merits was filed on May 16, and yet appellant's counsel has taken no steps looking to the completion of his transcript.

The rules of practice which regulate the confection of transcripts of appeal in civil cases apply alike to transcripts in criminal causes.

Tested under elementary rules of practice, this transcript is too defective to sustain an appeal. Heirs of Hoover vs. York, 33 Ann. 652.

It is, therefore, ordered, that the present appeal be dismissed.