## No. 9630.

LAMARQUE M. THIBODEAUX VS. THOMAS. L. WINDER.

A transcript which is shown by the clerk's entry, not to contain all the evidence which had been received and considered below, and which does not show that the appellant took the necessary steps to secure and bring up a statement of facts, cannot sustain an appeal.

An assignment of errors, which does not assign any error of law, appearing on the face of the record, but specifies only errors of fact, does not comply with the requirements of the law.

APPEAL from the Nineteenth District Court, parish of Terrebonne. Allen, J.

---

*B. C. Elliott*, for Plaintiff and Appellant.

*L. F. Suthon*, for Defendant and Appellee :

MOTION TO DISMISS.

The opinion of the Court was delivered by

POCHÉ, J.    Plaintiff appeals from a judgment sustaining a plea of prescription to his petitory action, and dismissing the same.    Appellee's motion is based on the alleged deficiency of the transcript, which does not contain all the evidence, parol and documentary, which had been offered and considered below ; and because it is not shown that appellant had made any effort, as required by law, to obtain a statement of

facts. Both grounds are supported by the record, and the motion to dismiss must therefore prevail.

Appellant's contention that the omission to bring up the missing evidence is not imputable to him, because it was the duty of the appellees to have reduced their parol testimony to writing, and to have seen to the filing of their documentary evidence, is untenable.

No law compels a party to cause his testimony to be taken in writing; the provision of the law on the subject is simply directory. C. P. art. 601. This Court has held: "Because one of the parties has not caused his oral testimony to be taken down and his written evidence noted, it does not follow that, in the event of an appeal by his adversary, he should be deprived of it and placed at the mercy of his opponent. The appellant should in such a case, have a statement of facts seasonably made as the law directs." Morrison vs. Lynch, 36 Ann. 612 and authorities therein cited.

In support of his plea plaintiff relies on a document, which he filed in this Court within ten days after the record was brought up and which he styles an assignment of errors. But an inspection of the document shows that the errors assigned therein are not errors of law appearing on the face of the record, but simply errors of fact, or a complaint that the plea of prescription was sustained on insufficient evidence. Hence the assignment does not come up to the requirements of the law, and it cannot avail the appellant as an assignment of errors, or as a supplement to the evidence, which had been considered below, or of a statement of facts, prepared in compliance with the law. C. P. Art. 897.

In the absence of proof to the contrary, this Court must presume that the judgment of the lower court was rendered on legal and sufficient evidence. The clerk's certificate shows affirmatively that certain designated parol testimony, which had been offered and heard below, and that certain documentary evidence, which had been received at the trial, are not included in the transcript, and it is elementary that such a condition of things fully justifies the conclusion that the defense was sustained by due and necessary proof. Fowler vs. Smith, 1 Rob. 448; Landry vs. Jefferson College, 7. Rob. 179; Huffner vs. Hesse et al., 26 Ann. 48; New Orleans vs. Labatt, 33 Ann. 107.

From the foregoing considerations it follows that this appeal is not legally or properly before us, and that the fault therefore is already imputable to appellant.

It is, therefore, ordered that the present appeal be dismissed.