The opinion of the court was delivered by
McEnery, J.
The order of appeal makes it returnable “ according to law.” The transcript was filed May 13, 1895. The citation of appeal was served on appellees on April 1, 1895. The number of days in which they were entitled to answer had not expired when the transcript was filed. This is no cause for a dismissal of the appeal. The appellees were entitled to the delay before answering, and having done so and the case submitted, there is now no occasion for the delay. Objection is made to the insufficiency of the bond as to amount and the insolvency of the sureties. This is a matter for the consideration of the lower court.
The form of the bond is for a suspensive appeal. The appellee urges this to be insufficient and that it should have been devolutive in form. If it is sufficient as a suspensive appeal bond, which covers the costs in the case as well as the judgment in the principal demand, it is assuredly sufficient for a devolutive appeal where costs alone are recoverable on the bond. Chaffe vs. Carroll, 34 An. 122.
The interest of the appellee is shown by the petition for the appeal and the affidavit of the attorney attached to the same. The objection, therefore, of the want of an appealable interest in the appellant is not sustained by the record.
The plaintiff was a judgment creditor of the defendant corporation. He caused an execution to issue under it, which was returned “no property found.” The plaintiff in execution on the sheriff’s return, under Sec. 688 Revised Statutes, presented a petition to the District Judge for the appointment of a receiver for the corporation, and the liqiudation of its affairs. The judgment, fi. fa. and return were annexed to and made part of the petition. The receiver was ap *1434 pointed, and the appellant, a stockholder, applied for and obtained an order of appeal from the judgment appointing the receiver. In order to decide the case the papers annexed to the petition are essentiál parts of the record. They are not in it. It was the duty of the appellant to send up a complete transcript. He has not shown that he was not in fault, nor has he applied for a certiorari to complete the record, even after the motion to dismiss was filed.
The appeal is therefore dismissed at appellant’s costs.
Nicholls, O. J., absent.