## TRUSTEES LOAN AND GUARANTY CO., INC., v. RICHARDSON

(July 2, 1928. Opinion and Decree.)

---

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellee.

Lloyd Cobb, of New Orleans, attorney for defendant, appellant.

CLAIBORNE, J. The plaintiff alleges that he is the owner and holder of a promissory note for $250 made by the defendant, Joseph B. Richardson, dated December 30, 1922, payable to the order of plaintiff, the Trustees Loan and Guaranty Co., Inc., in equal installments of $21 on January 15, 1923, and on the 15th of each succeeding month, the failure to pay any one installment within ten days after it becomes due to cause the maturity of all installments; that said note bears eight per cent per annum interest from date until paid, together with fifteen per cent attorney's fees in case of suit; that eighty-nine dollars have been paid on account of said note, leaving a balance due of one hundred sixty-one dollars, for all of which plaintiff claims judgment.

A copy of the note in the record is signed.

"J. B. Richardson."

Citation was addressed to the defendant, "Joseph B. Richardson," and served upon him by leaving the same on December 12, 1927, at No. 361 Broadway in the hands of a servant who refused to give her name.

In the absence of any appearance, judgment by default was rendered on December 23, 1927, against the same Joseph B. Richardson for $161 with interest and attorney's fees as prayed for.

Notice of judgment addressed to Joseph B. Richardson was served on December 27th "by leaving the same at his domicile, No. 361 Broadway, in the hands of the maid residing there," "defendant being absent at the time of said service."

On January 11, 1928, the plaintiff issued a fi. fa. against the defendant, "Joseph B. Richardson," by virtue of the above judgment.

It appears that on April 27, 1927, before filing the above suit, the attorneys of the plaintiff addressed to the defendant, the following letter:

"In re: Claim of Trustees Loan and Guaranty Company.
"Mr. Joseph B. Richardson, 5325 St. Charles Avenue, Apartment G. New Orleans, La.
"Dear Sir:
"We have had placed in our hands for collection by the above concern 'claim against you amounting to $161.00 with interest and attorney's fees, being a balance due upon a promissory note in the sum of $250.00 dated December 30th, 1922, payable to the order of Trustees Loan and Guaranty Company, Inc., in equal installments of $21.00 each on or about the 15th day of each month beginning with the 15th day of January, 1923, and bearing interest at the rate of 8% per annum from date until paid, together with 15 per cent additional as attorney's fees on the unpaid amount. If you are disposed to settle this matter amicably, we would be pleased to hear from you or have you call at this office at any time. Failing however, to hear from you by Monday, May 2nd, 1927, we shall be obliged to take such action in the matter as our client may direct.
"Very Truly Yours,
(Signed)
"Milling, Godchaux, Saal and Milling."

On January 26, 1928, the plaintiff took the following rule:

"On motion of Trustees Loan and Guaranty Co., Inc., through its attorneys, Milling, Godchaux, Saal and Milling, and on suggesting to the Court that mover has secured in this proceeding a final judgment against Joseph B. Richardson and has had issued a writ of fieri facias and under said writ has seized certain furniture which was located in the premises No. 361 Broadway Street; and on further suggesting to the Court that one John B.

Richardson has filed with the Constable of the First City Court a bond to stand in lieu of said furniture and has also filed an affidavit alleging himself, the said John B. Richardson, to be the third person and to be the owner of the furniture and has withdrawn the furniture from the custody of the said Constable, and on further suggesting to the Court that the said John B. Richardson who has filed said bond and withdrawn said furniture is the identical J. B. Richardson who signed the promissory note upon which this suit is predicated and on further suggesting to the Court that in response to a letter written by the above named attorneys herein addressed to Joseph B. Richardson at his former address No. 5325 St. Charles Ave., Apartment G, New Orleans, under date of April 27, 1927, a copy of which said letter is annexed hereto, the said John B. Richardson called upon the said attorneys in person and acknowledged the debt to the said attorneys, stating that he had just been married and had purchased practically everything which he owned on a time basis and that he was at that time thoroughly unable to pay the indebtedness without depriving his bride of the necessities of life, and at that time requested that he be given until March 1st, 1928, to pay the indebtedness and on further suggesting to the Court that the designating of the said John B. Richardson as Joseph B. Richardson was an error of which the said John B. Richardson was cognizant and aware before this suit was instituted, having called upon said attorneys in response to said letter addressed to Joseph B. Richardson; and on further suggesting ·to the Court that the citation in said suit was addressed to Joseph B. Richardson, and according to the Constable's returns, was served on the said Joseph B. Richardson, No. 361 Broadway Street, this City, but which was in truth and in fact served upon said John B. Richardson, the said John B. Richardson being the only male person over the age of 21 years by the name of Richardson living at that address; and on further suggesting to the Court that the said John B. Richardson has actual knowledge of the error in the name in said citation when same was served upon him, and on further suggesting to the Court that the proper remedy of the said John B. Richardson was by exception to the citation at the time; and on further suggesting to the Court that the said John B. Richardson is now estopped from denying that he is the identical person who had been served and who signed the said note upon which this suit was predicated, and that the seizure herein made should be maintained against the said John B. ·Richardson and that the said property herein seized belonging to the said John B. Richardson should be sold in satisfaction of the judgment obtained in this cause; it is ordered by the Court that the said John B. Richardson do show cause on the 7th day of February, 1928, at 1.30 o'clock, P. M., why the said seizure of the property which he has alleged in his affidavit belongs to him and now against the bond which has been filed in lieu thereof should not be maintained; and why the said John B. Richardson or his bondsman should not be condemned to pay the final judgment herein rendered."

There is in the record no affidavit by anyone claiming property.

John B. Richardson answered that he had never been made a party defendant in this suit, that this Court is without jurisdiction, that the rule discloses no cause of action, that the plaintiff has not filed any bond with the Sheriff and that this rule is a method of altering the judgment not recognized by law, and he denied all the allegations of the rule.

After trial the Judge entered the following judgment:

"Rule absolute, ordering the Constable to continue with the seizure; in all other respects dismissed. Exceptions filed by defendant dismissed."

From this judgment John B. Richardson has appealed, and has filed the transcript in this Court.

Judge's certificate reads as follows:

"I hereby certify the foregoing to be a true and correct transcript of the docket of this Court in the above entitled and numbered cause, embracing all the pro-

ceedings had; and that attached hereto are all. the papers on file, except the testimony taken on the trial of the rule herein filed which was not reduced to writing and except the appeal Bond, a copy of which is herewith transmitted."

This Court can consider only such documents and evidence as form part of the transcript; and where it is evident that the transcript does not contain all the evidence upon which the case was tried, this Court will not reverse the judgment but will dismiss the appeal ex proprio motu. 1 La. Dig. p. 489, S. 430; Lanfear vs. Devaind, 20 La. Ann. 161; Nugent vs. Stark, 34 La. Ann. 631; Harrison vs. Soulahere, 52 La. Ann. 710, 27 So. 111; Bank of Minden vs. Lake Bisteneau Lbr. Co., 47 La. Ann. 1432, 17 So. 832; Thibodeaux vs. Winder, 39 La. Ann. 227, 1 So. 451; Chaffe & Sons vs. Walker, 39 La. Ann. 37, 1 So. 290; State vs. Johnson, 37 La. Ann. 621; Morrison vs. Lynch, 36 La. Ann. 611.

Appeal dismissed.