No. 614

First Circuit

_____

STATE AGRICULTURAL CREDIT CORP., INC., v. LOTZ

_____

(April 14, 1930. Opinion and Decree.)

_____

Borron, Hebert & Owens, of Plaquemine, attorneys for plaintiff, appellant.

Benton & Benton, of Baton Rouge, and A. D. Danziger, of New Orleans, attorneys for defendant, appellee.

ELLIOTT, J. State Agricultural Credit Corporation, Inc., judgment creditor of Mrs. Marie Lotz, caused a writ of fieri facias to issue on its judgment, under which the sheriff seized "all the rights, title, claim and interest of Mrs. Marie Hebert Lotz in and to the succession of Lewis B. Hart, which succession has been opened as No. 69 Probate Docket of the Honorable Eighteenth Judicial District Court in and for the Parish of Iberville, Louisiana; said right, title, claim and interest of Mrs. Marie Hebert Lotz being that of universal legatee of the deceased Lewis B. Hart."

Notice of seizure was served on Mrs. Lotz, notifying her to appoint an appraiser, and that within three days the property seized would be advertised for sale.

Mrs. Lotz, in her petition for injunction against the sale, alleges that the seizure is null and void. That she is the qualified testamentary executrix of the estate of said Hart; that letters as such have been issued to her. That she has full seizin of said estate, and is engaged in administering the same. That after paying all debts, as the law provides, she will be entitled to be placed in possession of the residuum. She further substantially and in effect alleges that the nature of the interest seized, as offered for sale and which constitutes the assets of the said estate, is not stated or enumerated, either by descriptive terms or otherwise. That said levy and advertisement, under which the sale is to be held, is thereby made so vague and incomplete as to deprive prospective bidders of any clue as to the value of the property offered for sale.

She further alternatively alleges that her individual right as universal legatee cannot be seized and sold in the manner aforesaid to satisfy said claim against her individually while she is engaged as an officer of the court in administering same for the benefit of creditors. That such a sale is in violation of prohibitory laws, of the rights of creditors, and is against public policy. That the rights of creditors and her rights individually will suffer irreparable injury, unless the sale is enjoined, etc.

The court, after the usual proceedings to show cause, giving written reasons therefor, temporarily enjoined the sale, and the temporary writ was subsequently maintained and made perpetual by the judgment of the court. State Agricultural Credit Corporation, Inc., has appealed.

There is no motion to dismiss, but we find that we cannot entertain the appeal. The record does not contain the answer to the rule to show cause, if any was filed, none to the petition for injunction, and there must have been one, because the judgment appealed from does not purport to be based on a default. There is no evidence in the record, but the minutes of the lower court state that the law and the evidence is in favor of the judgment rendered. The judgment states that it is based on the same evidence that was offered on the trial of the rule. There is no statement of facts, no assignment of errors, and the clerk of court has not certified to the record as required by the Code of Practice, arts. 585 and 896.

The situation appears to be imputable to the fault and neglect of the appellant. As was done in the case of Louisiana Power & Light Co. vs. Becker, 11 La. App. 195, 123 So. 193, 910, the appeal will be dismissed.