No. 725

First Circuit

---

TAYLOR v. KELLY-WEBER & CO., INC.

---

(December 1, 1930. Opinion and Decree.)

---

C. V. Pattison, of Lake Charles, attorney for plaintiff, appellant.

McCoy, Moss & King, of Lake Charles, and Thompson & Ferguson, of Leesville, attorneys for defendant, appellee.

ELLIOTT, J. Kelly-Weber & Company, Inc., appellee, moves to dismiss the appeal taken herein by Grover Taylor, appellant, on several grounds. It is not necessary to consider any of them except those designated in the motion as Nos. 2, 3, and 4: That the transcript does not contain the testimony adduced on the trial; that the certificate of the clerk of the district court expressly states that the testimony adduced on the trial in the lower court is excepted from the transcript; that the transcript contains no statement of facts, etc. The transcript does not contain any statement of facts and it is not claimed that any was made as the law provides for in certain exigencies. The clerk of the district court in certifying to the transcript says that it contains all proceedings, "with the exception of the testimony which testimony has not yet been transcribed," etc.

Appellant took cognizance of the motion to dismiss and was permitted to file in this court in opposition thereto a petition praying for further time in which to get the testimony, and in the alternative that the case be remanded in order that the transcript might be completed.

Appellant alleges in his petition that at the time of obtaining the transcript, the testimony had not been reduced to writing and filed in the record; that he had on numerous occasions requested the court stenographer to file the testimony in the record, and on each occasion had been promised that the testimony would be filed in the record, etc. It is plain that the situation was well known to appellant, at the time he brought up the appeal, beyond and in addition to the declaration of the clerk of court in certifying to the transcript. And he could by timely petition to this court or to either of the members composing the same, and upon making the proper showing, have obtained further time in which to procure the testimony adduced on the trial and complete the transcript.

Plaintiff's suit was brought under the provisions of Act No. 156 of 1912 (section 1, amended by Act No. 260 of 1918). Desiring to carry into effect in a proper and practical way the purpose of this act, its provisions have received our consideration in connection with appellant's motion and request, but the neglectful act of an appellant, of the kind we have in hand, and such as is provided for by Code Practice, art. 898, is not condoned by anything contained in the act in question. It is the legal duty of an appellant to file a complete transcript in the appellate court on or before the return day, unless he is hindered by something not due to his own act, in which event he should timely pray for an extension of time and make proper showing on the subject. Code Practice, arts. 587, 588. There is no excuse when he knowingly brings up an incomplete tran-

script taking no steps to have it completed. The law provides that if the copy of the record brought up be not duly certified by the clerk of the lower court as containing all the testimony adduced, and there is no statement of facts, the appeal must be rejected. Code Practice, art. 896.

A situation almost exactly like the present existed in the case of Louisiana Power & Light Co. v. Becker, 11 La. App. 195, 123 So. 193, except that the suit was not brought under the provisions of Act No. 156 of 1912 and there was no motion to dismiss. We held in the Becker case, in harmony with many decisions of the Supreme Court:

"Where record on appeal contains no note of evidence, no statement of facts, and no evidence, the judgment must be affirmed, in that the presumption is that trial judge acted on proper and sufficient evidence."

A rehearing was applied for and the court, acting on the rehearing and in refusing same, took occasion to say, page 910 of 123 So.:

"It is evident that the incompleteness of the record was due to the fault of appellant, whose duty it was to see that the record was complete or to apply for the proper relief to have such record completed before submission of the case. This he has failed to do, and it is now too late to apply for such relief. Any former ruling by this court to the contrary is now overruled."

The incompleteness of the transcript in this case is manifestly due to the neglect of the appellant, and the appellee moving therefor, we find that the appeal must be dismissed.