No. 4136

Second Circuit

(Second Division)

———

## A. A. RAPHIEL CO. v. HOLLINGSWORTH

———

(February 16, 1932. Opinion and Decree.)

———

W. Peyton Cunningham, of Natchitoches, attorney for plaintiff, appellant.

Henry W. Bethard, Jr., of Coushatta, attorney for defendant, appellee.

STEPHENS, J. The plaintiff brought suit to recover the sum of $529.85, the alleged balance due him by defendant resulting from a series of transactions in

connection with the purchase of cotton "on call."

The defendant answered denying the indebtedness. He averred that he tendered the plaintiff his note for $500 in full settlement of all of the transactions relating to the cotton in question, and that plaintiff accepted the note as tendered; and that the note has been paid, and the obligation thereby discharged.

A trial resulted in the rejection of plaintiff's demands, and the plaintiff appealed.

The record on appeal was lodged in this court on May 30, 1931, and the case was set for trial for January 13, 1932. On January 12, 1932, the attorney for the defendant, appellee, appeared by motion to dismiss the appeal on the ground that the note of evidence taken on the trial of the cause is not contained in the transcript.

The following day, which was the day fixed for hearing, the plaintiff appeared through counsel, and, with the note of evidence attached thereto, filed a motion to remand the cause to the trial court for the purpose of completing the transcript by including therein the note of evidence; and in the alternative prayed therein that the note of evidence be ordered filed by the clerk of this court, and that the same be considered as part of the transcript. The plaintiff, appellant, alleged that he was without fault in the premises.

During the hearing of the motion, the counsel for the plaintiff, appellant admitted that the reason the note of evidence was not contained in the transcript was because it had not been paid for, and therefore had not been filed with the clerk by the court reporter. The counsel stated in his motion that he had paid certain costs and was under the impression that the cost of the note of evidence was included therein, and did not discover this error until two days before the case was fixed for trial in this court.

The fault is clearly that of plaintiff, appellant. The clerk of the trial court violated no duty in failing to pay for the note of evidence, and was without authority to do so if he felt so inclined. He could not include it in the transcript, as it had not been filed in his office.

Under the circumstances herein existing, we know of no precedent for granting the relief sought by the appellant. On the other hand, the authorities are numerous that the situation justifies the dismissal of the appeal.

It was held in the case of Jean Torres v. Felix Falgoust, 35 La. Ann. 818:

"A motion for a certiorari to perfect the transcript, made after a motion to dismiss has been filed, and on the day of trial, cannot be granted where the transcript is defective by the fault of the mover."

This early ruling of the Supreme Court, which is so clearly applicable to the facts here, has been consistently adhered to in innumerable later decisions.

Appeals are favored, and we are reluctant to deny the appellant relief; but it can readily be seen that if we establish a precedent, which litigants might rely upon, to the effect that there is no necessity for paying for the note of evidence and filing it with the clerk of the trial court until the case is called for hearing on appeal, such precedent would invite and lead to endless confusion, delay, and injustice.

For the reasons assigned, the motion to remand is overruled, and the motion to dismiss the appeal is sustained.