## DAVIS v. SOUTHLAND INV. CO. et al.
### No. 4424.

Court of Appeal of Louisiana. Second Circuit.

Nov. 10, 1932.

J. S. Pickett, of Many, and Harry V. Booth, of Shreveport, for appellants.

Ponder & Ponder, of Many, for appellee.

DREW, J.

Plaintiff enjoined the sale of certain property under execution of a judgment, alleging that the judgment under which execution issued was a nullity, and setting out numer-

ous reasons for nullifying the judgment. Under proper allegations a restraining order was issued.

Defendant filed a motion to dissolve the restraining order, and also filed an exception of no cause of action and a motion for continuance, which were overruled. It then answered the rule nisi, which was tried, resulting in a judgment for plaintiff making the rule absolute, and ordering a preliminary injunction to issue upon plaintiff furnishing bond in the sum of $250. From this judgment defendant was granted a devolutive appeal made returnable August 1, 1932. Before the expiration of the return day, appellant applied to this court and was granted an extension of time until August 15, 1932, within which to return the appeal to this court. The appeal was lodged here on August 13, 1932, and was regularly fixed for trial for October 11, 1932. On the day of trial, appellee filed a motion to dismiss the appeal for the reason that the transcript is incomplete, in that it does not contain the note of evidence and other important documents filed therein in the lower court. On the same date, appellant filed a motion to remand the case for the same reasons alleged by appellee. It alleged the record was not complete, through no fault of appellant, but due to same having been prepared hurriedly by the clerk. The motion to remand is certified to by the attorney for appellant, to the best of his knowledge and belief.

■ The motion to remand does not allege that the testimony had been transcribed, paid for, or was in the possession of the clerk before the expiration of the return date, and there is no certificate or affidavit from the clerk, or any other person, to show that appellant was not at fault in not having a complete record in this court. This showing should have been made by appellant. · When not made, the relief sought in the motion to remand will be denied.

In the case of A. A. Raphiel v. Hollingsworth, reported in 19 La. App. 19, 139 So. 509, 510, this court said:

"Appeals are favored, and we are reluctant to deny the appellant relief; but it can readily be seen that if we establish a precedent, which litigants might rely upon, to the effect that there is no necessity for paying for the note of evidence and filing it with the clerk of the trial court until the case is called for hearing on appeal, such precedent would invite and lead to endless confusion, delay, and injustice."

The motion to remand is therefore overruled.

■ The record is incomplete to the extent that the court cannot intelligently pass upon the issues presented on appeal. Appellant has not filed a brief on the exception of no cause of action or the motion for continuance, neither have they been argued. We therefore presume both have been abandoned. The motion to dismiss will have to be sustained.

It is therefore ordered, adjudged, and decreed that the appeal be dismissed at appellants' cost.