## BENTLEY v. BARRETT.*
### No. 4359.

Court of Appeal of Louisiana. Second Circuit.
Nov. 10, 1932.

Hoye Grafton, of Shreveport, for appellant.

Craig, Bolin, Magee & Baucum, of Shreveport, for appellee.

McGREGOR, J.

This is a suit for a balance alleged to be due on a board bill. In connection with her main suit the plaintiff obtained a writ of attachment and caused certain property to be seized thereunder. The defendant, before pleading to the merits, filed a motion to dissolve the attachment, which motion was tried separately.

Upon the trial of the motion there was judgment in favor of the defendant awarding him $25 for attorney's fee incurred in dissolving the attachment.

On the trial of plaintiff's demand there was judgment in her favor for the full amount of her demand, or $148.78, with interest and costs.

Both parties asked for and obtained orders of appeal, but only the defendant perfected his appeal. The return day was fixed for May 16, 1932, and the transcript of appeal was filed on May 19, 1932, the last day allowed under the law. This transcript contains no written testimony, though it is apparent from the minutes of the court that evidence was taken. The case was regularly set for argument in this court on October 12, 1932.

On October 10, 1932, the first day of the term, counsel for defendant and appellant filed a motion in open court setting forth that he had just discovered and perceived that the record as filed in this court was incomplete, both through the omission of the evidence that was taken on the trial of the case in the lower court, and through the failure of the clerk of the trial court to certify that the transcript as filed contained all of the testimony. In this motion it is set forth that at the time that the transcript of appeal was filed in this court, the evidence had not been paid for or filed in the record in the lower court, but that, on June 1, 1932, plaintiff and appellee did pay for it but advised the court reporter not to file it. He then prays that he be granted a continuance of a reasonable time in which to correct the errors and omissions and that judgment on this appeal be suspended and withheld during such time. He prays further that the transcript of appeal as filed in this court be remanded to the clerk of the lower court for the purpose of correcting the errors contained therein and for the inclusion of the written evidence in the case and the proper certificate of the clerk.

Defendant and appellant bases his right to a continuance herein and to remand the transcript to the lower court on article 898 of Code of Practice. The rights granted in that article apply only to cases in which the appellant is free from fault. In this case, if the appellant did not know on or before the return day of the appeal that the plaintiff had not paid for and filed the transcript of the testimony, he ought to have known it and

*Rehearing granted December 16, 1932.

the result is the same. It was the duty of the defendant and appellant to be fully cognizant at all times of the exact status of his case. He, of all persons, should know whether the evidence on which he expects to reverse the judgment of the trial judge is in the record before the transcript is made up for this court. And if, as happened in this case, the plaintiff does not pay for and file the evidence in the record in the lower court, it is the duty and the right of the appellant to take the necessary steps to see that the said evidence is properly filed and included in the record in the lower court. . Whatever extension of time is needed for this purpose can always be obtained by proper application.

A similar situation was presented to this court in the case of A. A. Raphiel Co. v. Hollingsworth, 19 La. App. 19, 139 So. 509, 510. In that case the plaintiff was the appellant, and, on account of his failure to pay for the testimony, it was not included in the transcript. He contended that this was not through any fault of his, as he had thought the bill for the testimony had been included in other costs that he had paid. The matter was called to his attention on the day before the day set for the argument in this court by appellee's filing of a motion to dismiss the appeal, based on the absence of the testimony from the record. He at once took steps to pay for the testimony, and on the next day; the day set for the argument, he appeared in the court and with the note of evidence attached thereto, filed a motion to remand the cause to the trial court for the purpose of completing the transcript by including therein the note of evidence. And, in the alternative, he prayed that the note of evidence be ordered filed by the clerk of this court and that the same be considered as part of the transcript. In considering the case this court held that the fault was that of the appellant, and the appellee's motion to dismiss was accordingly sustained. In support of this action, it was said: "Appeals are favored, and we are reluctant to deny the appellant relief; but it can readily be seen that if we establish a precedent, which litigants might rely upon, to the effect that there is no necessity for paying for the note of evidence and filing it with the clerk of the trial court until the case is called for hearing on appeal, such precedent would invite and lead to endless confusion, delay, and injustice."

The only difference between the Raphiel v. Hollingsworth Case and the one now under consideration is that in that case the plaintiff was appellant, whereas in the case at bar the defendant is appellant. In the present case there was the same obligation on the appellant to see that the testimony was filed in the record so that it could be included in the transcript of appeal, and for that purpose he could have secured all the delay that was necessary. Since he did not do this, the absence of this testimony from the record as filed in this court is due to his fault and neglect and he cannot avail himself of the remedy provided in the article of the Code relied upon by him.

The motion to remand is therefore overruled.

■ Both appellant and appellee argue one point in the case which they classify as being on the merits, but it involves merely a refusal by the trial judge to grant a continuance asked for in open court on an oral motion. Matters of this kind are so clearly in the discretion of the trial judge we do not consider this point of sufficient importance to grant a reversal, especially in the absence of all the testimony on which the case was decided.

While there is no motion to dismiss the appeal filed by the plaintiff and appellee, the state of the record is such that we are fully justified in dismissing it on our own motion because of the absence of the testimony.

In the case of Trustees Loan & Guaranty Co. v. Richardson, 9 La. App. 54, 118 So. 837, 839, the court said: "This court can consider only such documents and evidence as form part of the transcript; and where it is evident that the transcript does not contain all the evidence upon which the case was tried, this court will not reverse the judgment but will dismiss the appeal ex proprio motu. 1 La. Dig. p. 489, S. 430 ; Lanfear v. Duraind, 20 La. Ann. 161; Nugent v. Stark, 34 La. Ann. 631 ; Harrison v. Soulabere, 52 La. Ann. 710, 27 So. 111; Bank of Minden v. Lake Bisteneau Lbr. Co., 47 La. Ann. 1432, 17 So. 832; Thibodeaux v. Winder, 39 La. Ann. 227, 1 So. 451; Chaffe & Sons v. Walker, 39 La. Ann. 37, 1 So. 290; State v. Johnson, 37 La. Ann. 621; Morrison v. Lynch, 36 La. Ann. 611."

In the case of State Agricultural Credit Corp. v. Lotz, 13 La. App. 269, 127 So. 639, 640, the court said:

"There is no motion to dismiss, but we find that we cannot entertain the appeal. The record does not contain the answer to the rule to show cause, if any was filed, none to the petition for injunction, and there must have been one, because the judgment appealed from does not purport to be based on a default. There is no evidence in the record, but the minutes of the lower court state that the law and the evidence is in favor of the judgment rendered. The judgment states that it is based on the same evidence that was offered on the trial of the rule. There is no statement of facts, no assignment of errors, and the clerk of court has not certified to the

record as required by the Code of Practice, arts. 585 and 896.

"The situation appears to be imputable to the fault and neglect of the appellant. As was done in the case Louisiana Power & Light Co. v. Becker, 11 La. App. 195, 123 So. 193; [Id. (La. App.) 123 So.] 910, the appeal will be dismissed."

For the reasons assigned, the appeal is dismissed.