**PALMER et al. v. WYATT LUMBER CO., Limited.**

No. 4436.

Court of Appeal of Louisiana. Second Circuit.

March 6, 1933.

S. I. Foster, of Leesville, for appellants.

Ponder & Ponder, of Many, and J. D. Barksdale, of Shreveport, for appellee.

MILLS, Judge.

The basis of this action is a claim in damages by a widow and minor children for the death of their husband and father. The suit is brought in forma pauperis under the provisions of Act No. 156 of 1912, § 1, as amended by Act No. 260 of 1918.

On the trial of the case, June 15, 1932, plaintiffs' demands were rejected. Plaintiffs appealed.

The record contains no transcript of testi-

mony, without which we cannot pass upon the merits of the appeal.

Appellants in a motion to remand the case, filed September 7, 1932, alleged:

"That when the case was called for trial, and after both sides announced for trial it developed that the court below had not provided itself with an official court reporter,— neither did the clerk of said court have in his office any one qualified to take the testimony of the witnesses.

"Your relators would show that their attorney, S. I. Foster, announced that he was not in a position to guarantee the payment of the fee for taking the testimony, and that his clients were not able to do so, but that he would proceed to trial without the taking of the testimony.

"That when their attorney made the statement just set out, the attorney for the defendant company, Hon. William Ponder, announced that the defendant would guarantee the payment of the reporter's bill 'for our own protection'; and then Miss Eunice Russell, a court reporter was sent for, and she took the testimony in short hand of all the witnesses in the case. * * *

"That Miss Eunice Russell, the lady who took the notes of evidence, has not transcribed and filed her notes of evidence for the reason that plaintiffs have not paid to her the fee for the work. That she has promised by letter, the same being hereto attached, that for the sum of $50.00 she will start the work, and when the transcribing has been completed an additional $50.00 would be expected for the job.

"* * * That they intend to pay the above stated fee, or the legal charge of 15 cts. per hundred words, for the transcript, but up to this date they have not been able to pay said amounts. That if further time, say ninety days or more, is given them in which to harvest their crops and realize therefrom, they will be able to pay for the evidence and complete this record."

No action seems to have been taken on this application.

On February 8, 1933, five months after the filing of the motion to remand, defendant filed a motion to dismiss the appeal. It reads:

"Appearer further shows that the notes of evidence taken in this case are not included in the transcript, and that other important and essential documents filed herein are not included in the transcript, which were the tutorship proceedings, and that the omission of the same was through the fault and negligence of the appellant in having the transcript prepared, and in neglecting and refusing to pay for the notes of evidence, and other documents, and having them included in

this transcript so that this Court could intelligently pass upon the issues herein.

"That the plaintiffs and appellants herein in their motion to remand filed herein on September 7, 1932, show that they did not pay for the notes of evidence before they were taken, and mover now shows that the defendant and appellee guaranteed the payment of the reporter's bill for their own protection under a specific waiver by the plaintiff of the taking of the notes of evidence, and with the agreement that the notes of evidence would belong to the defendant and appellee under their guarantee of payment.

"That defendant and appellee, however, afterward agreed to let the plaintiff have the notes of evidence by paying therefor, as will appear by the letter of the Court Reporter dated July 11th, 1932, filed herein, and that no effort has been made by the plaintiff and appellant to pay for the same, or have the same included in the transcript."

We find in the record a certificate of the clerk to the effect that the notes of evidence had not been filed in the clerk's office on the 17th day of August, 1932. The brief of plaintiffs filed in this court on the day of argument makes no suggestion that the said notes have ever been paid for or filed. The failure of the notes to appear in the transcript is therefore clearly due to no fault on the part of the clerk.

As to what took place on the day of trial, we have to depend upon the motions and briefs filed, and to accept as facts whatever is in agreement in those documents. The minutes of the court are completely silent on the subject.

Counsel for plaintiffs in his brief amplifies the statements made in the motion to remand as follows:

"The minutes may not show, but when this case was called for trial, the court reporter, the lady who had been serving as the 'official' court reporter, was absent. It was stated by the trial judge that she did not take such cases unless her fee was secured. Counsel for the plaintiff then moved to proceed with the case without having the notes of evidence taken from the witnesses.

"Counsel for defendant stated that 'we will secure the fee and have it taken for our own protection.' If these are not the exact words it is the substance of what was said.

"The lady was then sent for, and the case proceeded with. The trial judge decided the case without the notes of evidence, dismissing plaintiff's demands. Plaintiffs' counsel moved for a devolutive appeal. The trial judge at first hesitated upon the ground that the plaintiff had no evidence upon which to proceed on appeal. At this juncture plaintiffs' counsel asserted that the notes of evidence taken at the trial was a part of the

record and would have to be filed as the official report of the testimony. Counsel for defendant took the position that the notes of evidence would not be filed, to which position counsel for plaintiffs stated that an effort would be made to pay this fee and secure the evidence if such was the requirement."

Defendant's counsel in his brief only contradicts these statements as follows: "Plaintiffs and appellants waived the taking of the notes of evidence by a stenographer, but the defendant announced that it would guarantee the stenographer for cost in taking the notes of evidence, so that it might be protected, should the case be decided adversely to it, and desire to appeal; with the understanding that the notes of evidence when taken, would be the property of defendant. Under this agreement plaintiffs went to trial of the case."

■ The motion to remand should be overruled as it is asked for solely on the ground that plaintiffs desire a period of ninety days within which to pay for and file in the record the notes of evidence. As this period has long since expired without any showing that the evidence has been paid for, the application presents only a moot question.

■ The only remaining issue is the motion to dismiss the appeal. This is opposed by plaintiffs in their brief solely on technical grounds. They no longer assert a willingness to pay for the evidence and thus complete the record. The technical grounds urged are that the suit was filed in forma pauperis under the provisions of Act No. 156 of 1912, § 1, as amended by Act No. 260 of 1918, which provides: "This right to litigate, including the right to prosecute appeals in the proper courts, without the previous or current payment of costs or without the giving of bonds for the payment of costs shall extend to all the services required by law in legal proceedings of clerks of court, sheriffs, and official stenographers."

But this right is not absolute. It is always within the power of the trial judge with or without a traverse of plaintiffs' allegations of poverty, to prevent any abuse of this act, for it provides further: "Provided that no officer shall be required by reason of this act to incur any cash outlay, the judges of the various courts are directed to restrict the provisions of this act to granting the relief provided to those litigants clearly entitled to require the probable free rendition of services of court officers, due regard being had to the nature of the cause of action the prospective cost and the means of the litigant to make payment of costs or provision for their payment, to the end that those entitled in reality to the relief set out above may receive them in proper instances but that the

fomentation of litigation by the indiscriminate resort to this act be avoided."

■ If it was the intention of plaintiffs to insist upon the transcribing and filing of the testimony, under the terms of the pauper act, without payment, that intention should have been manifested by appropriate action in the lower court before appeal, in order that the reporter might have the opportunity to show that to comply would involve a cash outlay, or to make other appropriate defenses.

■ The stenographer in the case is referred to by defendant as the court reporter. The record does not show that she ever qualified as such under the provisions of Act No. 64 of 1900. However, having, at the request of defendant, acted as "official" court reporter, neither she nor it can now be heard to deny her official capacity. Rousseau v. Baudoin, Clerk of Court, 2 La. App. 411.

It would therefore appear that unless plaintiffs have waived the right or have failed to ask for a proper remedy, they are entitled to have the testimony filed.

They admit that they made no objection at the time of trial to the refusal of the reporter to take the testimony without a guarantee of compensation; that they affirmatively moved the court and consented that the case be tried without the taking of testimony; that the testimony was taken on the guarantee of payment by defendant with the distinct understanding that it was done for defendant's protection. All without protest from plaintiffs. In their motion to remand they tacitly admit that their right to the testimony is dependent upon paying for it, by asking for time in which to make such payment.

■ There is now before us on the part of plaintiffs no motion except the one to remand that has already been commented upon and disposed of. No petition asking for a mandamus or other order was filed. Simply a suggestion in plaintiffs' brief that the matter should be remanded and the plaintiffs allowed time in which to force the filing of the evidence by such legal proceedings as are necessary. This is too indefinite and not in the form to constitute a legal demand for relief. Plaintiffs have had abundant time and opportunity to assert their legal rights.

We are further of the opinion that, by consenting in open court that, so far as they are concerned, the case should be tried without the taking down of the testimony and by failing at any stage of the proceedings to demand the filing of the notes of evidence, they have waived their right to same.

That the transcript is not complete is due solely to the laches of plaintiffs. Taylor v. Kelly-Weber & Co., 15 La. App. 302, 131 So. 306.

Where the transcript does not contain the evidence or a statement of fact, where no error of law appears on the face of the record, the remedy is a dismissal of the appeal. Code of Practice, article 896; W. G. Burt v. Mrs. S. M. Smisson et al., 2 La. App. 758; Peter Fletcher v. Mrs. L. B. Ward, 2 La. App. 1; see, also, cases cited thereunder; Trustees Loan & Guaranty Co., Inc., v. Richardson, 9 La. App. 54, 118 So. 837; see, also, Hill Cotton Lumber Co., Inc., v. Meyer, 9 La. App. 116, 118 So. 839; A. A. Raphiel Co. v. Hollingsworth, 19 La. App. 19, 139 So. 509; A. B. Davis v. Southland Investment Co., et al., 144 So. 150, Court of Appeal, Second Circuit, rendered November 10, 1932.

For the above reasons the appeal is dismissed.