### RUSCA & CUNNINGHAM v. HAMMETT.

### No. 5673.

Court of Appeal of Louisiana.
Second Circuit.

Feb. 6, 1939.

S. R. Thomas and Arthur C. Watson, both of Natchitoches, for appellants.

John G. Gibbs, of Natchitoches, for appellee.

DREW, Judge.

On October 1, 1934, plaintiffs instituted this suit against the defendants on a promissory note which was made and dated November 25, 1925, and made payable by the makers thereof in solido on November 1, 1925, after date, bearing interest at the rate of 8% per annum from date until paid and 10% on the whole as attorney's fees if placed in the hands of an attorney for collection. It was signed and executed by Larry Davenport, Sidney Davenport, Lee Davenport, Eddie Davenport, Jake Davenport and A. G. Hammett, as in solido makers. It is to be noted that the due date is November 1, 1925, after date. November 1, 1925, was twenty-four days before date. There is no point made of this error in the due date of the note and the only result of the error would be to make the note a demand one. Therefore, the note on its face was prescribed on November 25, 1930, unless the prescription of five years was interrupted.

In their petition plaintiffs alleged the prescription of five years was interrupted in the following manner:

"Now shows that prescription has not accrued; that the makers have frequently and from year to year acknowledged said note to be due, owing and unpaid both in writing and verbally, as will be shown on the trial hereof, and that petitioner has carried said note from year to year at the earnest request of the makers who represented their inability to pay the same but promised to do so."

The note was not attached to the petition but in answer to a prayer for oyer, was produced and filed. Defendants then filed a plea of prescription of five years.

In answering the prayer for oyer, plaintiffs attached to the note the letters they contend interrupted prescription. Defendants objected to the letters being filed at that time and their objection was sustained. The plea was tried and overruled, reserving to defendants the right to reurge it in answer.

Defendants in answering admit the execution of the note by them, but deny it was given for value. They admit no payments had been made on it and deny owing any. They deny that there has been any interruption of the prescription of five years and reurged that plea.

On trial of the case, the note was offered in evidence and numerous documents purporting to be correspondence in regard to the note between the plaintiffs and defendant, Hammett. One of the plaintiffs was sworn and gave testimony. The defendants offered no testimony.

The lower court rendered judgment in favor of A. G. Hammett, sustaining the plea of prescription. Just what became of the other five defendants the record does not disclose. Plaintiffs prosecute this appeal from the judgment in favor of Hammett.

All of the defendants, with the exception of Mr. Hammett, are negroes, and during the year 1925 were employees of Mr. Hammett. One or more of them was indicted in the District Court of Natchitoches Parish for a felony. The plaintiffs, a reputable firm of lawyers of that city, were employed to defend him or them. A fee

of $250, the principal amount of the note sued on, was agreed upon. Instead of cash being paid, a note was given to cover the fee. The record discloses that Mr. Hammett employed the plaintiffs to defend his employee.

When Mr. Rusca, one of the plaintiffs and the only witness offered by either side in the trial below, was on the witness stand, he was asked and answered the following questions:

"Q. Have you ever made demand for payment?

"A. Frequently, in person, and by letter, over a period of years.

"Q. I hand you a letter dated Shreveport, Louisiana, August—

"Objection by Mr. Gibbs. Object to that he can't read that in the record, and I move that it be physically stricken from the record.

"Objection sustained.

"Q. I hand you letter—from whom did you receive that letter?

"A. A. G. Hammett, the defendant.

"Q. When is it dated?

"Objection by Mr. Gibbs. The letter is the best and only evidence of its date.

"Objection sustained.

"Q. Did you receive that letter from Mr. Hammett through the mail?

"A. Yes.

"Offer in evidence the letter about which Mr. Rusca has just testified and ask that it be marked P–2.

"Objection by Mr. Gibbs. Because the foundation for its admission has not been laid or established. Further, that the plaintiffs' petition is too vague and indefinite to permit proof.

"Objection overruled.

"The letter is ordered filed subject to the objection, to be considered on determining the question of prescription. In the event the Court in ruling on the objection sustains the objection, the testimony taken shall be attached to a bill of exception to be considered by the upper Court."

It is certain from the above quoted portion of the record that the letter from Mr. Hammett to plaintiffs was filed in evidence on the trial below and was a part of the record. The case was tried on July 19, 1935, and on November 23, 1937, the lower court rendered judgment as above stated.

On this same date orders of appeal were taken by plaintiffs and the case was lodged here on January 3, 1938.

The certificate of the Clerk of the lower court attached to the record is as follows:
"The State of Louisiana
"Parish of Natchitoches

"Be it known this is to certify that the within and foregoing pages numbered one to —————— both inclusive contain a full, true and complete transcript of all proceedings had, all papers filed with the (exception of) exhibit No. 2 filed by the plaintiff, and all testimony adduced on the trial of the cause wherein Rusca & Cunningham is the plaintiff and A. G. Hammett is the defendant, cause No. 22,157 on the docket of the 10th Judicial District Court of Louisiana, in and for the Parish of Natchitoches.

"I further certify that I have made a search for the said Exhibit No. 2 and am unable to locate the same; that same has either been lost, misplaced or destroyed.

"Witness my hand and seal of office, this December 30, 1937.

"A. H. O'Quinn,
"Deputy Clerk 10th D. C. La."

(Parenthetical phrase in paragraph 1 supplied by us.)

On June 1, 1938, plaintiffs filed the following motion in this court:

"Now into court come Rusca & Cunningham, plaintiffs, and, appearing through the undersigned counsel, for the purpose of this motion, with respect shows the court:

"1. That one of plaintiffs' filings in the above entitled and numbered cause was a letter from the defendant to plaintiffs, admitting the indebtedness and promising to pay, which letter was dated several months prior to the date on which prescription would have accrued, which offering is not in the record as filed in this court. That in the event the court doesn't find that the record as made up, shows conclusively that prescription was interrupted, then that the cause should be remanded to the lower court and the plaintiff given an opportunity to prove the contents of the lost or misplaced document.

"Wherefore, plaintiff prays that in the event this court does not find that the record as made up shows that prescription was interrupted, that the cause be remanded to the lower court for the purpose of permit-

ting plaintiffs to show the contents of the document described herein.

"For all other orders and decrees necessary under the circumstances and for general and equitable relief, etc.

"Russell E. Gahagan, ·
"Attorney for Movers.

"I certify that the foregoing motion is filed in good faith and that a copy is this date mailed to Mr. John G. Gibbs, of counsel for defendant.

"Natchitoches, Louisiana, May 31, 1938.
"Russell E. Gahagan."

On September 23, 1938, plaintiffs filed another motion as follows:

"Now into this Honorable Court comes the plaintiff and appellant, through undersigned counsel, and respectfully moves the court to remand this cause with instructions to the District Court to permit proof of plaintiff's Exhibit No. 2 which has not been placed in the transcript and which the clerk of the District Court certifies has been lost, misplaced or destroyed.

"Mover shows that in answer to a prayer for oyer filed by defendants, there was attached and made a part of the answer to the prayer the note declared on and a written acknowledgment, executed by the defendant, A. G. Hammett, that the note declared on was past due, owing and unpaid and his promise to pay the same. Avers said written acknowledgment was made long before prescription had accrued and in order that plaintiffs might extend payment and not file suit on said note.

"Shows that over defendant's objection, the court ordered said written acknowledgment withdrawn as a part of the answer, as will be shown by the minutes of date October 18, 1934.

"Now particularly shows that on the trial of the case said written acknowledgment was produced, offered in evidence and filed as plaintiff's Exhibit No. 2.

"Avers the case was tried and submitted on July 19, 1935, and was not decided until November 23, 1937. In due time plaintiff obtained orders of appeal returnable to this Honorable Court and upon examination of the transcript of appeal, it was discovered that said written acknowledgment was not a part of the transcript although filed in evidence on the trial as aforesaid.

"Now shows that the Clerk of the District Court has certified that he has 'made a search for said Exhibit No. 2 and is unable to locate the same, that the same has either been lost, misplaced or destroyed.'

"Mover shows that said written acknowledgment that the note was past due and the promise to pay the same was obtained by plaintiff and appellant as a prerequisite to granting further time to the said A. G. Hammett to pay the note, as he had urged plaintiff and appellant to do to the end that he could not plead prescription against the debt.

"Avers that in the absence of that filing from the record, plaintiff and appellant is entitled to have the same remanded to the District Court in order that parol proof may be introduced to prove the contents of the written instrument.

"Wherefore, mover prays that this motion be allowed and that this cause be remanded to the District Court with instructions to the court to permit parol testimony to prove the contents of the Exhibit plaintiff's No. 2 which has been either 'lost, misplaced or destroyed'.·

"For all other orders necessary and for general and equitable relief.

"Russell E. Gahagan
"Attorney for Appellant."

It is to be noted that this document is not certified and counsel for defendant takes exception to that fact. He makes no reference to the motion of the same kind filed on June 1, 1938, the date the case was first fixed for trial in this court, which motion was verified and contained a certificate that it had been served on the then counsel of record for defendants.

Counsel for defendant seriously protests the right of this court to remand the case under the showing made, and relies on a case decided by this court, viz: Davis v. Southland Investment Company et al., 144 So. 150, 151, wherein we said:

"The motion to remand does not allege that the testimony had been transcribed, paid for, or was in the possession of the clerk before the expiration of the return date, and there is no certificate or affidavit from the clerk, or any other person, to show that appellant was not at fault in not having a complete record in this court. This showing should have been made by appellant. When not made, the relief sought in the motion to remand will be denied."

Also on the case of Raphiel Company v. Hollingsworth, 19 La.App. 19, 139 So. 509, 510, decided by this court, wherein we said:

"Appeals are favored, and we are reluctant to deny the appellant relief; but it can readily be seen that if we establish a precedent, which litigants might rely upon, to the effect that there is no necessity for paying for the note of evidence and filing it with the clerk of the trial court until the case is called for hearing on appeal, such precedent would invite and lead to endless confusion, delay, and injustice."

And on Scruggs v. Cory, 149 So. 902, decided by the Court of Appeal, First Circuit. All that was held in the latter case is that the court will not ex-officio remand a case to have lost testimony reproduced in the absence of a proper demand by appellant. In summing up, the court said:

"In view of the statement in the brief and the record showing, if we had before us a motion to remand for the purpose stated, duly signed by the plaintiff or her attorneys, supported by the affidavit of the stenographer who took the testimony and the clerk of court, there would be no difficulty on our part about remanding the case for the purpose stated in order to protect plaintiff's rights on appeal; but as it is we feel that we have no right ex officio to order the remand in the absence of a proper demand therefor, and supporting affidavits by the stenographer and clerk of court."

The motion to remand, the part of the record we have above quoted and the certificate of the clerk, in our opinion, fully meet all the requirements necessary, under the above cited quoted decisions. The document was filed in open court and was in the record. The plaintiffs are to a great extent relying upon it to make out their case and would therefore have been the last ones to remove it from the record and destroy it. They attempted to give the date of this document and its contents on trial below, and properly the court held the letter itself was the best evidence.

We are of the opinion that plaintiffs have clearly shown their right to have the case remanded in order that they may produce oral testimony to show the contents of this lost document with defendant's right to rebut the testimony. There are numerous other letters from Mr. Hammett to plaintiffs in the record which indicate strongly that the lost document contains that which plaintiffs claim it did.

We deem it unnecessary at this time to pass upon whether or not the documents in the record are sufficient to constitute an interruption of prescription. If the lost document is sufficient to interrupt prescription, as alleged, the question of later interruption will come up under the document contained in the record.

The judgment of the lower court is therefore reversed and the case is remanded in order that parol testimony may be introduced to prove the contents of the lost document which was filed in evidence on the original trial and marked "Plaintiff No. 2"; the costs of this case to abide a final decision therein.